UNITED STATES of America and
Revenue Agent Dennis Thompson

v.

R. William BOHONNON.

Misc. Civ. No. N–85–5.

United States District Court,
D. Connecticut.

April 16, 1985.

Frank H. Santoro, Asst. U.S. Atty., New Haven, Conn., for plaintiffs.

Nathan M. Silverstein, Silverstein & Osach, P.C., V. James Ferraro, New Haven, Conn., for defendant.

### RULING ON PETITION TO ENFORCE SUMMONS

ELLEN B. BURNS, District Judge.

The Internal Revenue Service (I.R.S.), through Revenue Agent Dennis Thompson, seeks from Attorney R. William Bohonnon a list of the names and taxpayer identification numbers of all taxpayers for whom Mr. Bohonnon prepared a tax return for the periods ending January 1, 1981, through November 23, 1983, or in the alternative, copies of all Subchapter S corporate tax returns that respondent prepared for the same period. Attorney Bohonnon was served with an I.R.S. civil summons on November 23, 1983, summoning such a list and/or returns. Respondent did not comply with the summons.

On January 31, 1985, the I.R.S. filed the instant petition to enforce the summons, pursuant to 26 U.S.C. §§ 7402(a), 7402(b) and 7604(a). As an alternative basis for seeking the lists, the I.R.S. is moving to compel respondent to comply with 26 U.S.C. § 6107(b)(2), which requires income tax return preparers to retain the lists and/or return copies in question and "make such copy or list available for inspection upon request by the Secretary." Respondent opposes the I.R.S.' petition, arguing (1) that the I.R.S. has not proven he is an "income tax return preparer", as defined by 26 U.S.C. § 7701(a)(36); (2) that his Fifth Amendment privilege against self-incrimination precludes his having to produce

the information at issue; (3) that the attorney-client privilege also protects such disclosure and (4) that the information sought is already within the possession of the I.R.S. For the reasons stated below, the court grants the I.R.S.' petition to enforce the summons, and orders respondent to provide the lists or copies of returns as requested, at a time and place to be designated by Revenue Agent Thompson.

### A. *Income Tax Return Preparer*

█ Section 7701(a)(36), in relevant part, defines an income tax return preparer as one who prepares *for compensation* an income tax return. (emphasis added). The government has submitted three Form 1120S Small Business Corporation income tax returns (Govt.Exh. # 1, 2, 3) with what purports to be the signature of "R. William Bohonnon" in the space designated for the "Paid Preparer's Use Only". The I.R.S. also submits one other Form 1120S return similarly signed and copies of bills and cancelled checks sent to clients for the preparation of franchise tax reports (Govt. Exh. # 1 attached to memorandum in support of petition, 4/4/85).

█ The court concludes that the I.R.S. has submitted sufficient proof of respondent's status as a paid preparer, especially in light of the fact that respondent has not denied this status, by affidavit or otherwise, but merely claims the government's evidence is insufficient. The fact that respondent has signed his name in that space reserved for paid preparers on a number of income tax returns is significant. Pursuant to 26 U.S.C. § 6064, an individual's name signed to a return, statement or other document is *prima facie* evidence that the document was actually signed by him. From the face of the three Form 1120S returns, it is clear that the signature on Govt.Exh. # 1 differs from those on # s 2 and 3, and therefore, the *prima facie* case may be rebutted as to that first exhibit, by the obvious irregularity. The signatures on the second and third exhibits match each other, however, and match that on the Form 1120S return filed with the I.R.S.'

memorandum. The franchise tax materials are irrelevant because §§ 6107 and 7701 do not apply to franchise taxes.

In sum, the court finds that respondent has personally signed at least four Form 1120S returns in the space reserved for paid preparers and thus, in the absence of evidence to the contrary, the government has shown respondent to be a compensated income tax return preparer, required to keep the subject lists pursuant to § 6107.

### B. *Fifth Amendment Privilege*

█ If the records sought in this case are "required records," the person who is required to keep them by law "has no Fifth Amendment protection against self-incrimination when these records are directed to be produced." *In re Dr. John Doe*, 711 F.2d 1187, 1191 (2d Cir.1983). There is a three-pronged test to determine whether the records do fall within the exception:

> (1) the requirement that they be kept must be essentially regulatory, (2) the records must be of a kind which the regulated party has customarily kept, and (3) the records themselves must have assumed 'public aspects' which render them analogous to public documents.

*Id.* The court finds that the instant records do qualify as required records and thus, the information sought must be disclosed even if it would be incriminating.

█ The respondent has primarily questioned whether it is truly a neutral, regulatory scheme that forms the basis of the requirement that the records be kept. The court agrees with the I.R.S. that *United States v. Lubus*, 370 F.Supp. 695 (D.Conn.1974), is no longer persuasive authority in light of the 1977 enactment of § 6107, which is directed to *all* tax return preparers, both commercial and professional. A key element of Judge Newman's analysis in *Lubus* was that the "Tax Return Preparer Project" then in effect was "permeat[ed] ... with [an] investigative and prosecutorial purpose" because it was directed to only a small percentage of all

persons who offer services to the public for preparing tax returns. 370 F.Supp. at 699, 700. Even if respondent is correct that persons who use or promote the use of tax shelters have become a targeted group "inherently suspect of criminal activity," [1] that is not a relevant consideration. Rather, it is whether the requirement that lists of clients be kept by all compensated tax return preparers is part of a regulatory scheme with a legitimate regulatory purpose. *See* H.Rep. No. 94–658, 94th Cong., 2d sess. 274, reprinted in 1976 U.S.Code Cong. & Ad.News 2897, 3169. The court finds that it is.

It cannot be seriously disputed that copies of returns prepared by a professional return preparer are customarily kept by that professional. The public aspect requirement is also satisfied by the requirement that income tax forms must be filed with the I.R.S. Accordingly, the court finds that the documents sought by the I.R.S. are required records,[2] and thus not privileged by the Fifth Amendment.

### C. *Attorney-Client Privilege*

■■■ As an alternative basis for asserting that the records are privileged, respondent claims that the names of his clients and the copies of the returns are protected by the attorney-client privilege. The court finds that neither the lists or the copies of the returns are so protected. The identity or the fact of being a client is not privileged information, absent special circumstances that are not present here. *Colton v. United States*, 306 F.2d 633, 637 (2d Cir.1962). Moreover, information transmitted to an attorney with the intention that it be included in the tax return is not covered by the privilege. *Id.* at 638. Only the underlying papers or legal advice would be protected but such has not been summoned.

### D. *Possession*

In the case of *United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), the Supreme Court established the standards for enforcing an I.R.S. civil summons. *Id.* at 57–58, 85 S.Ct. at 254–255. Respondent has challenged only whether the data sought is already in the government's possession.

■■ Respondent is of course correct that the I.R.S. does possess the original returns that were filed somewhere among its millions of returns. However, they are not readily accessible to Agent Thompson without the list of names at issue. Clearly, then, neither the names or the returns are within the possession of the I.R.S. in any meaningful sense.

Accordingly, the court finds that the I.R.S. has met the *Powell* test and that none of the summoned materials are protected by either the attorney-client privilege or the respondent's Fifth Amendment privilege against self-incrimination. The summons is enforced, and respondent shall provide the information at a date and time established by Revenue Agent Thompson.

SO ORDERED.

---

1. Of course, a civil summons may not be used for the purpose of conducting an investigation *solely* criminal in nature. *United States v. LaSalle National Bank*, 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978). Respondent has not made such a claim, however.

2. Because the court concludes the records do fit within the required records exception, the court need not address the government's alternative reasons why these records are not protected by the Fifth Amendment.