Accordingly, and for the foregoing reasons, defendant's motion for summary judgment will be granted.

UNITED STATES of America, Plaintiff,

v.

Neil T. NORDBROCK, Defendant.

No. CIV 83–553 TUC WDB.

United States District Court, D. Arizona.

April 9, 1990.

See also 828 F.2d 1401.

William A. Cohan, Cohan & Greene, Encinitas, Ga., for defendant.

Candice M. Will, Trial Atty., U.S. Dept. of Justice, Washington, D.C., for plaintiff.

## AMENDED ORDER

BROWNING, District Judge.

The Court hereby denies Mr. Nordbrock's motion under Rule 59 to alter/amend judgment or, in the alternative, for a new trial and hereby amends its Order of January 1, 1990. The Order, in its entirety, is as follows:

This case involves the government's demand for information pursuant to § 6107(b), Internal Revenue Code. That Section requires income tax return preparers to retain lists or copies of the returns so prepared and make either the copy or list available for inspection upon request by the Internal Revenue Service, or to suffer penalties assessed.

That request was properly made of Nordbrock (plaintiff in one consolidated case and defendant in the other). Nordbrock consulted with an attorney who counseled him for approximately 4 months. During that period the attorney advised the government that Nordbrock would produce the list, as opposed to the copies of returns, but that there was difficulty compiling the same.

Nonetheless, the attorney counseled Nordbrock, and prepared a letter for Nordbrock's signature, to respond by claiming the protection of the 5th, 4th, 1st, 9th and 10th Amendments to the United States Constitution.

The attorney consulted by Nordbrock was an attorney involved in representations of persons charged with tax related offenses whom he had met when he testified for the defense in a tax fraud case in Seattle, Washington. (Dahlstrom).

The attorney's recitation of the reasons for his advising Nordbrock that he had a valid claim under the above cited Amendments to the United States Constitution need not be examined by the Court. The credibility of the attorney, likewise, begs the question for the central question is Nordbrock's belief as to whether the advice was well-grounded and sound. The attorney's principal practice is the representation of persons charged with criminal activ-

ity in connection with the Internal Revenue laws. He is the author of two books (published after the events in question here) entitled *Tax Fraud and Evasion The War Stories* (the jacket refers to the author as the "Courtroom Commando") and *April 15th The Most Pernicious Attack Upon English Liberties* both of which are highly critical of the Internal Revenue Service and its operations.[1]

Nordbrock admittedly has been a tax preparer and bookkeeper since 1958, having finished his education as an accountant in the mid-fifties. The information requested by the government covers the period from July, 1978 through June, 1981 during which time Nordbrock advises he prepared some 1550 returns.

The Court has had an opportunity to observe the witnesses testifying and to assess their credibility. The Court finds that Nordbrock's choice of an attorney was a conscious one designed to receive the advice that he sought, whether the same was well-grounded, objective, or otherwise.

The Court notes that the government's request for information was not targeted at a specific group of returns or group of taxpayers, but rather was the request for a list of *all* returns filed by Nordbrock for the question period. The Court finds that the requirement under § 6107 is a requirement that persons engaged in tax preparation work, maintain those lists and they are therefor "required records" requiring their production whether incriminating or not. The 5th Amendment protection does not apply to such records. See *United States v. Bohonnon*, 628 F.Supp. 1026 (D.Conn.1985). While *Bohonnon* was written after the events in question here, the reasoning is sound and the result totally predictable. See, e.g., *United States v. Rosenberg*, 515 F.2d 190 (9th Cir.1975) and *Shapiro v. United States*, 335 U.S. 1, 68 S.Ct. 1375, 92 L.Ed. 1787 (1948). Nordbrock claims that the Internal Revenue Service's investigation was targeted at his participation in the

---

1. The books were published after the events in question here. The Court, cites the publication only to show the witness' known bias—well grounded or otherwise—in such cases.

*Dahlstrom* scheme which resulted in the conviction of *Dahlstrom* and a C.P.A. who assisted a taxpayer in taking advantage of that scheme. These convictions were later, after the events in question here, overturned by the 9th Circuit on the grounds that the Dahlstrom scheme was too new and innovative to, as a matter of law, constitute the basis for a fraud conviction. In examining what protection the 5th Amendment affords Nordbrock, we must also examine whether or not he has made an effective waiver of that privilege if, *arguendo*, the privilege has any application to "required records." Nordbrock had already signed the tax returns of the individuals in question and had thus admitted his preparation of the returns. He filed those returns with the government freely and voluntarily. He also testified at the trial of Dahlstrom that he had prepared tax returns for members of the ALA (Dahlstrom's group) and that he himself, as well as on behalf of others, had claimed the tax benefits resulting from that fraudulent scheme. Accordingly, the privilege, to the extent it attached is waived.

■ With regard to his 1st Amendment claim, it is clear that the government made no request for membership lists or identity of tax protestors or tax violators. It requested only the information required by statute to be kept and that is persons whom Nordbrock helped in preparing tax returns irrespective of their membership, political or other beliefs. Thus, the 1st Amendment does not provide the protection claimed by Nordbrock nor could one reasonably assume that it would. See, *In re Grand Jury Proceedings*, 633 F.2d 754 (9th Cir.1980).

In assessing the credibility of Nordbrock, it should be noted that in 1981, Mr. Nordbrock admitted filing a return in which he claimed wages were not income within the meaning of the Internal Revenue Code. Parenthetically, Mr. MacPherson, the attorney upon whose advice he relied, testified that he had, from time to time, told people they could legitimately make that claim on their tax returns, pay the returns and then sue in District Court for a refund. When questioned as to whether he would represent a taxpayer in such a lawsuit, he replied, after hesitation, "probably not." However, this fact is shown only to show the reasonableness of Nordbrock in relying on the MacPherson advice with Nordbrock's knowledge of MacPherson's predisposition towards the Internal Revenue Service and its application of tax laws. In one of his books for example, he refers to the Internal Revenue Service as the "Gestapo."

Also notable is MacPherson's representations made to the IRS, stating that the lists were being prepared and near completion. Such representations were patently false and misleading. Thus the Court finds further undermining of Nordbrock's and MacPherson's credibility.

■ Nordbrock relies, in part, on the decision of the United States Supreme Court in *United States v. Doe*, 465 U.S. 605, 612–614, 104 S.Ct. 1237, 1242–1243, 79 L.Ed.2d 552 (1984). Nordbrock's reliance is misplaced in that the *Doe* case holds that documents voluntarily prepared, and not under any compulsion to prepare them, are not privileged. And that this applies to documents required to be kept or disclosed to a public agency. *Doe* further holds that the *production of the documents* themselves involves an action of compelling self-incriminating testimony. In the instant case, the production of the documents was not required but rather only a list indicating the name of the taxpayer and the taxpayer's identification number which would not involve any self-incriminatory information such as whether the records exist, whether they are in Nordbrock's possession or whether they are authentic. All of those questions would have to abide evidentiary proof and considerations at the time of trial. The information requested was information in the public domain and therefore, does not enjoy the protection of the 5th Amendment.

Indeed, the evidence reflects that the government had begun the process to identify those records in its possession which Nordbrock had assisted taxpayers in filing. The Court notes that there is no presumption that because Nordbrock assisted a tax-

payer that a return was in fact filed by the taxpayer. Whether it was filed and whether it contained an adoption of advice rendered by Nordbrock are all questions ultimately to abide a subsequent trial, if there was one.

While this is not a tax evasion case, the reasoning of the 9th Circuit in *U.S. v. Conforte*, 624 F.2d 869 (9th Cir.1980) is instructive. The Court there held that reliance on advice of counsel is not a complete defense but only a circumstance indicating good faith which the trier of fact may consider on the issue of willfulness.

Since the parties agree that the central and controlling issue in this case is willfulness and since the Court has found that, assessing the credibility of witnesses, there was no good faith reliance on the advice of counsel, the question of willfulness is therefore decided since Nordbrock advances no other claim for his refusal to turn over information which the statute demands. Nordbrock testified he was aware of the statute and its demands when he prepared the returns initially.

The Court has additionally based its decision in resolving disputed testimony, upon the demeanor of the witnesses when testifying, including their manner of answering questions as well as inflection, pauses and emphasis in responses which do not appear in the record. While this standard was used for all witnesses, it was deemed more applicable to the testimony of Mr. Nordbrock and Mr. MacPherson.

## CONCLUSION

It is the conclusion of the Court, based upon the facts adduced at the trial of this matter, that Neil Nordbrock was an income tax preparer for the period in question and that he had in his possession a list of the name and taxpayer identification number of persons for whom he prepared a tax return or claim and that he willfully refused to make a copy of that list available for inspection, pursuant to 26 U.S.C. § 6107(b)(2). The Court further finds that the aforesaid actions of Nordbrock constitute a willful interference with the proper administration of Title 26 of the United States Code and it is therefore,

ORDERED that he is enjoined from preparing any future income tax returns, claims or other documents on behalf of other persons.

It is the further finding and conclusion of the Court that the Nordbrock's conduct is violative of 26 U.S.C. § 6695 and that the penalties assessed, in the amount of $75,-000.00 are fair and justified and that the assessment shall stand. The assessment set forth on the exhibits and evidence in this trial are entitled to a presumption of correctness and validity as to the tax liabilities contained therein. *United States v. Stonehill*, 702 F.2d 1288 (9th Cir.1983).

IT IS SO ORDERED.