**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Neil T. NORDBROCK, Defendant–**
**Appellant.**

**No. 90–15668.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 12, 1991.

Decided Aug. 12, 1991.

948

William A. Cohan, Cohan & Greene, Encinitas, Cal., for defendant-appellant.

William A. Whitledge, Tax Div., U.S. Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before HUG, SCHROEDER and WIGGINS, Circuit Judges.

HUG, Circuit Judge:

Neil T. Nordbrock appeals from (1) an order of the district court granting an injunction prohibiting him from preparing tax returns, and (2) a judgment of the district court sustaining statutory penalties against him for failure to disclose a list of tax returns which he prepared. He argues that he was entitled to a jury trial and that the district court erred in finding that he willfully failed to produce the tax return list. We reverse and remand.

I.

From 1978 to 1981, Neil Nordbrock was in the business of preparing income tax returns, and, during that time, he prepared approximately 1,800 federal returns. Nordbrock was a member of the American Law Association (ALA) and prepared returns for some ALA members. The ALA was allegedly part of an illegal tax shelter scheme. The IRS served Nordbrock with a request for information pursuant to 26 U.S.C. § 6107(b). Section 6107(b) requires (1) that a tax preparer retain either copies of all returns filed or a list of taxpayers for whom he has prepared returns, and (2) that the preparer make the copies or list available for inspection upon demand.[1]

Upon receiving the IRS request, Nordbrock retained as counsel Donald MacPherson. After consultation with MacPherson, Nordbrock decided not to comply with the IRS's request. He instead objected on the grounds that production of the tax return information would violate his rights under the First, Fourth, Fifth, Ninth, and Tenth Amendments to the Constitution. Pursuant to 26 U.S.C. § 6695(d), the IRS sought penalties against Nordbrock for his failure to produce the tax documents.[2] Nordbrock was given the maximum penalty, $25,000, for each of the three years for which the IRS sought tax return information under section 6695(d). Nordbrock paid a portion of the $75,000 penalty and sought a refund of the payment and an abatement of the remainder.

This appeal involves two actions, both arising from Nordbrock's failure to produce the tax documents. The first is an action by the Government for an injunction, pursuant to 26 U.S.C. § 7407, to enjoin Nordbrock from engaging in the business of preparing tax returns (the "injunction action"). The second is an action initiated by Nordbrock, in which he seeks a refund

1. Section 6107(b) reads in pertinent part:
Any person who is an income tax return preparer with respect to a return or claim for refund shall ... 1) retain a completed copy of such return or claim, or retain, on a list, the name and taxpayer identification number of the taxpayer for whom such return or claim was prepared, and 2) make such copy or list available for inspection upon request by the Secretary.

2. Section 6695(d) provides:
Any person who is an income tax return preparer with respect to any return or claim for refund who fails to comply with section 6107(b) with respect to such return or claim shall pay a penalty of $50 for each such failure, unless it is shown that such failure is due to reasonable cause and not due to willful neglect. The maximum penalty imposed under this subsection on any person with respect to any return period shall not exceed $25,000.

of that portion of the section 6695(d) penalty he paid and an abatement of the remainder of the penalty (the "refund action"). The actions, consolidated for trial and this appeal, were originally handled by separate district judges. In the injunction action, the district court granted summary judgment for the Government, finding that Nordbrock acted willfully under section 6695(d) in refusing to deliver the tax documents. In the refund action, because the dispositive issue was the same (willful failure to deliver documents), the district court relied on the res judicata doctrine and granted summary judgment for the Government.

In a consolidated appeal, a panel of this court reversed both the refund and injunction actions, holding that a material issue of fact existed as to whether Nordbrock acted willfully in refusing to produce the requested documents. *United States v. Nordbrock*, 828 F.2d 1401, 1404 (9th Cir. 1987). This court held that reliance on the advice of counsel is a valid defense to a charge of willfulness, and that affidavits from Nordbrock and MacPherson created a material issue of fact regarding Nordbrock's reliance on MacPherson's advice. *Id.*

On remand, the injunction and refund actions were consolidated and a bench trial was conducted on the issue of willfulness. The evidence necessarily focused on Nordbrock's alleged reliance on MacPherson's advice in refusing to comply with the IRS's request. The court found that Nordbrock's failure to produce the documents constituted "willful interference with the proper administration" of the tax code. *United States v. Nordbrock*, 734 F.Supp. 908, 911 (D.Ariz.1990). It therefore enjoined Nordbrock from preparing returns and sustained the $75,000 in penalties against him. *Id.* Nordbrock timely appeals.

## II.

Nordbrock argues that he was entitled to a jury trial on the issue of willfulness. The Government contends that, although Nordbrock originally requested a jury trial in the refund action, he waived his request by signing the pretrial order which set the consolidated case for a bench trial.

■ The Seventh Amendment guarantees a jury trial to determine liability in a Government action seeking civil penalties. *See Tull v. United States*, 481 U.S. 412, 417–25, 107 S.Ct. 1831, 1835–40, 95 L.Ed.2d 365 (1987). (Seventh Amendment guarantees jury trial for determination of liability for civil penalties under the Clean Water Act); *McLaughlin v. Owens Plastering Co.*, 841 F.2d 299, 300–01 (9th Cir.1988) (employer entitled to jury trial where Secretary of Labor sought back pay under the Fair Labor Standards Act).

■ After the original remand from this court, the refund and injunction actions were consolidated in the district court and assigned to Judge Browning. Judge Browning set the matter for a bench trial and Nordbrock subsequently filed a "continuing demand" for a jury trial. He asserted that he was entitled to a jury trial in the refund action and that, because the willfulness issue was dispositive in both the refund and injunction actions, he was entitled to a jury trial in the consolidated action. At the same time, Nordbrock also made a motion for a joint trial, or alternatively, for a stay of the injunction action until after a jury trial in the refund action. The district court denied those motions and directed the filing of an agreed pretrial order in the consolidated action.

We conclude that the district court's implicit denial of the jury demand was error. By proceeding with a bench trial on the issue of willfulness in the consolidated case, the district judge failed to honor Nordbrock's Seventh Amendment right to a jury trial. *See Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 110 S.Ct. 1331, 1335–37, 108 L.Ed.2d 504 (1990); *Curtis v. Loether*, 415 U.S. 189, 196 n. 11, 94 S.Ct. 1005, 1009 n. 11, 39 L.Ed.2d 260 (1974).

The Government argues that Nordbrock's assent to the pretrial order should act as a waiver of his demand for a jury trial. We disagree. While it would have been a better course for Nordbrock explicitly to preserve further the issue in the

**950**

pretrial order, we also must indulge every reasonable presumption against the waiver of the jury trial. *See Pradier v. Elespuru,* 641 F.2d 808, 811 (9th Cir.1981). In this case, Nordbrock's "continuing objection" was sufficient to preserve his right to appeal the denial of his request for a jury. His assent to the pretrial order was reasonable in light of the court's earlier ruling that implicitly denied the demand for a jury trial. Because we conclude that reversal is required for failure to grant Nordbrock a jury trial, we do not reach his claim that he did not act willfully, and express no opinion on that issue.

REVERSED and REMANDED.