**Frank O. CHIMA, Plaintiff–Appellant,**

v.

**UNITED STATES DEPARTMENT OF DEFENSE, aka DOD; Donald H. Rumsfeld,[1] Secretary, Defendants–Appellees,**

**and**

**William J. Letts, Captain; Richad Martin; Fred Ulery; John O'Neal; Elizabeth Miladin; Barbara Warden; Harvey Janssen, Defendants.**

No. 99–55209.

D.C. CV–94–03738–TJH–2.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2001.

Decided Nov. 19, 2001.

As Amended Dec. 14, 2001.

---

1. Donald H. Rumsfeld, Secretary of Defense is substituted for his predecessor, William J. Perry, Fed. R.App. P. 43(c)(2).

---

Before PREGERSON, REINHARDT, and SILVERMAN, Circuit Judges.

## MEMORANDUM [2]

Frank O. Chima ("Chima"), an African-American male, brought a law suit against William J. Perry, ("Perry"), Secretary of the United States Department of Defense ("DOD"), in 1994, which asserted eight claims. The district court granted Perry's motion to dismiss with prejudice as to all the claims against all the defendants except Chima's employment discrimination claim against Perry under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* The district court also granted Perry's motion to dismiss Chima's Title VII claim without prejudice on the ground that Chima failed to exhaust his administrative remedies. In an unpublished disposition, the Ninth Circuit affirmed the district court's decision to dismiss all non-Title VII claims and all claims against defendants other than Perry. The Ninth Circuit reversed as to the district court's decision that Chima failed to exhaust his administrative remedies before initiating his Title VII claim. This appeal concerns the district court's judgment in favor of Perry following a bench trial on Chima's Title VII claim. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Chima first argues that the district court abused its discretion when it refused to exclude the testimony of Perry's witnesses as a discovery sanction. Chima contends that Perry's failure to respond to his requests for admissions constitutes failure to cooperate in discovery and that the district court should have sanctioned Perry under Federal Rule of Civil Procedure ("F.R.C.P.") 37.

Chima served a request for admissions and request for production of documents pursuant to F.R.C.P. 36 on Perry's witnesses[3]. Perry refused to comply with Chima's discovery requests and the district court refused to compel Perry to comply on the ground that Chima had not complied with Local Rule 7.15, which required the parties to formulate a joint stipulation regarding the discovery issue in dispute. Even if Chima were to have complied with Local Rule 7.15, it is unlikely that the court would have compelled Perry's witnesses to comply with Chima's requests. F.R.C.P. 36 applies exclusively to parties, and thus Chima is not permitted to issue requests for admission upon witnesses. Thus, we conclude that the district court did not abuse its discretion when it refused to exclude the testimony of Perry's witnesses as a discovery sanction.

■ Chima next contends that the district court abused its discretion when it denied Chima's motion in limine to bar Perry from presenting witnesses. Chima argues that Perry and defense witnesses had conspired to obstruct justice and committed perjury. Chima, however, failed to allege or show facts sufficient to support his claim of perjury by the defendants and has only provided conclusory allegations. *See Streck v. Peters,* 855 F.Supp. 1156, 1162 n. 3 (D.Hawai'i 1994) (concluding that where "[t]he only evidence [the plaintiff] provides in support of his perjury allega-

---

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

**3.** F.R.C.P. 36 provides: "A party may serve upon any other party a written request for the admission . . . ."

tions is his own affidavit testimony, which contains only the most conclusory assertions of perjury and provides no specific facts supporting the assertions ..., [he cannot] create an issue of material fact with regard to the perjury allegations." (citing *Hansen v. United States,* 7 F.3d 137, 138 (9th Cir.1993) (concluding that "[w]hen the nonmoving party relies only on its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact")). In his brief, Chima merely offers defense witnesses' testimony and then concludes that these "statement[s] demonstrate[ ] that [the witnesses] lied to the District Court, which is tantamount to perjury." Chima further asserts that the declarations of Ervin Williams, William Stephens, Rosa Howard, Pedro Lamdagan, and Jerry Gasbarra, "contradict" defense witnesses' statements. While the testimony of these witnesses does challenge the testimony of defense witnesses, such inconsistencies go to the weight of the evidence and not the admissibility.

■ Chima also contends that the district court abused its discretion when it granted Perry's motion to exclude Chima's use of statistical evidence. This data, the "Workforce Profile by Grade Series for DCMDW," provides statistics on the number of minority workers in each DOD grade level. Chima argues that these statistics support his claim that the DOD discriminates against black male employees.

■ In *Lynn v. Regents of the University of California,* 656 F.2d 1337, 1342–43 (9th Cir.1981), this Circuit concluded that "[s]tatistical evidence is unquestionably relevant in a Title VII disparate treatment case." The Supreme Court has cautioned, however, that not all statistical evidence is relevant: Statistical evidence must be "of a kind and degree sufficient to show that the practice in question has caused the exclusion of applicants for jobs or promotions because of their membership in a protected group." *Watson v. Fort Worth Bank And Trust,* 487 U.S. 977, 994, 108 S.Ct. 2777, 101 L.Ed.2d 827 (1988).

We recognize that statistical evidence is commonly used to support Title VII discrimination actions, but also note that such evidence must be relevant. We conclude that the decision by the lower court to exclude Chima's statistical data was not erroneous because Chima offered no evidence or explanation of how the evidence supported his employment discrimination claim.

■ Chima further argues that the district court erred when it failed to compel Perry to comply with the subpoenas Chima served on defense witnesses to testify at trial. Chima served these subpoenas by mail rather than by personal service as required by F.R.C.P. 45(b)(1). Perry asserts that because the subpoenas were not properly served, the DOD was not obligated to permit its employees to attend the trial. Perry further contends that employees were permitted to take personal time to attend the trial but that Chima's failure to tender witness fees and expenses discouraged the witnesses from attending.

■ We agree that Chima probably served the subpoenas improperly and conclude that the district court therefore did not err when it failed to compel the recipients to comply. Regardless, Chima has not shown how the testimony of the witnesses in question would have materially altered the course of the trial. Thus any error was not prejudicial.

We are seriously concerned, however, by the DOD's letter which the government attached to Chima's subpoenas and gave to most of the defense witnesses whom Chima served. Defense counsel sent a letter

to the subpoenaed witnesses stating that: (1) Chima's service of the subpoenas is "defective"; (2) "subpoenaed Government employee witnesses are not compelled to appear merely because the receipt of the subpoena form is through the mail"; (3) regardless of whether the witnesses are properly subpoenaed, the witnesses "may only be granted 'court leave' (accounted for as official time) when testifying on behalf of [the government]"; (4) witnesses must use "charged leave or forego pay in order to take time off work to appear" for Chima; and (5) witnesses must "notify their supervisor" and "obtain approval for the absence from duty prior to the trial date." While it is true that the subpoenas were defectively served, we find the coercive nature of this letter to be highly troubling. We also question the legality of the requirement that a subpoenaed government employee first obtain approval before appearing in court.

Lastly, Chima claims that he did not waive his right to a jury trial and that the court's *sua sponte* decision to order a bench trial for all of Chima's claims violated his Seventh Amendment right. We conclude that Chima sufficiently preserved his right to a jury trial when he filed an objection to the order for a bench trial in the form of a memorandum of contentions of fact and law. In his memorandum, Chima repeated his demand for a jury trial and explicitly stated that he did not abandon any issue. Such conduct constitutes a continuing objection sufficient to preserve his right to appeal the denial of his request for a jury. *See United States v. Nordbrock*, 941 F.2d 947, 949–50 (9th Cir.1991).

We must, however, affirm the district court's decision if we conclude that the district court's error did not prejudice Chima. "The erroneous denial of a jury trial in a civil case is subject to harmless error analysis. The denial will be harmless only if no reasonable jury could have found for the losing party ...." *Fuller v. City of Oakland*, 47 F.3d 1522, 1533 (9th Cir.1995) (citation omitted). Chima offers this court no evidence-and there is no evidence in the record-to suggest that a jury would have concluded that the DOD discriminated against Chima on account of his race. Moreover, Chima offered no suggestions as to what the witnesses who were barred from testifying might have testified to or how the statistical evidence Chima sought to introduce might have enhanced his claim. Based on the record before us, we cannot conclude that the district court's denial of a jury trial was prejudicial error.

AFFIRMED.