**Philip Wade MCCLURE, Plaintiff—Appellant,**

v.

**David COOK, being sued in his individual and official capacity; et al., Defendants—Appellees.**

No. 02–35403.

D.C. No. CV–99–00074–ALH.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

Submitted Sept. 8, 2003.*

Decided Sept. 16, 2003.

Philip Wade McClure, pro se, Ontario, OR, for Plaintiff–Appellant.

Paul L. Smith, Esq., DOJ–Oregon Department of Justice, Salem, OR, for Defendants–Appellees.

Before PREGERSON, THOMAS and PAEZ, Circuit Judges.

## MEMORANDUM **

Oregon state prisoner Philip McClure appeals pro se the district court's order granting partial summary judgment, order dismissing a deceased party, and bench trial verdict for defendants on his deliberate indifference and retaliation claims under the Eighth Amendment, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act ("RA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo both summary judgment and dismissal. *Barnett v. Centoni,* 31 F.3d 813, 815–16 (9th Cir.1994) (per curiam). We also review de novo the denial of a request for a jury trial. *United States v. California Mobile Home Park Mgmt. Co.,* 107 F.3d 1374, 1377 (9th Cir.1997). We affirm the summary judgment and dismissal orders, vacate the bench trial verdict, and remand for a jury trial.

Summary judgment was proper on McClure's claims against Catherine Knox in her supervisory capacity because McClure presented no evidence that Knox's alleged failure to supervise medical personnel resulted in a constitutional violation. *See Quintanilla v. City of Downey,* 84 F.3d 353, 356 (9th Cir.1996).

Dismissal of McClure's claims against a deceased party was proper, because McClure failed to move to substitute parties within ninety days of receiving notice that the party had died. *See* Fed.R.Civ.P. 25(a).

McClure's contention that the district court impermissibly interfered with his Seventh Amendment right to a jury trial has merit. Federal courts "must indulge every reasonable presumption against the waiver of the jury trial," *United States v. Nordbrock,* 941 F.2d 947, 950 (9th Cir. 1991), and this is particularly true where a party is appearing pro se, *Lawson v. Kolender,* 658 F.2d 1362, 1371–72 (9th Cir. 1981).

Compelling McClure to choose between consenting to a bench trial, or waiting until the end of his period of incarceration to try his case before a jury, rendered his waiver of the right to jury trial less than voluntary. *See United States v. California Mobile Home Park Mgmt. Co.,* 107 F.3d 1374, 1379–80 (9th Cir.1997) (holding the right to jury trial is not waived where party objects to bench trial). The district court's error was not harmless, *see Fuller v. City of Oakland,* 47 F.3d 1522, 1532 (9th Cir. 1995), because a reasonable jury could have found for McClure on his Eighth Amendment claim under 42 U.S.C. § 1983, as well as his ADA and RA retaliation claims.

Because we remand for a trial by jury, we do not reach McClure's contentions

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

regarding evidentiary and other rulings affecting the bench trial.

Summary judgment is AFFIRMED; the bench trial verdict is VACATED and the case REMANDED for jury trial.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.