**Robert E. HILLYER, Plaintiff,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Defendant.**

**No. 4:CV:92–1757.**

United States District Court, M.D. Pennsylvania.

Feb. 24, 1993.

Elliott B. Weiss, Williamsport, PA, for plaintiff.

Harry J. Giacometti, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for defendant.

### MEMORANDUM

McCLURE, District Judge.

### BACKGROUND

Plaintiff Robert E. Hillyer filed this action to enjoin the Internal Revenue Service (IRS) from levying on plaintiff's real estate for federal income taxes assessed against him from 1970 through 1976. Federal tax liability was assessed against plaintiff on June 14, 1979. The IRS obtained a judgment against plaintiff for the unpaid taxes on September 16, 1983 in an action filed to *United States v. Hillyer,* Civil No. 83–1339 (Muir) (M.D.Pa.). Judgment was entered against plaintiff on July 3, 1984 in the amount of $215,649.81.

On August 6, 1984, the court entered an order foreclosing the tax liens on Hillyer's real property and, on October 5, 1984, ordered the sale of the property.

No further action was taken by the IRS until November 7, 1991. On that date, the IRS issued a levy on all property owned by plaintiff pursuant to 26 U.S.C.A. § 6331.[1] Hillyer was notified on October 16, 1992 that the real property was to be seized. The IRS issued a notice of seizure on November 12, 1992.[2]

The real estate subject to seizure consists of three parcels located in Clinton County, Pennsylvania. Plaintiff's home is located on one of the parcels. The other two parcels (parcels 1 and 2 on the property description attached to plaintiff's complaint as exhibit "B") are unimproved. Plaintiff has no other assets of value, and currently, no source of income other than loans from his family.

In a letter dated October 26, 1992, the IRS established a minimum bid price of $110,-000.00, based on a forced sale value of $66,-000.00, reduced by prior claims.[3] Plaintiff's property has been advertised for sale. Sale was initially scheduled for January 27, 1993, then rescheduled for February 25, 1993.

Plaintiff filed this action on December 4, 1992 seeking a preliminary and a permanent injunction barring the proposed sale of his property (Count I) and a writ of mandamus directing the Commissioner of the Internal Revenue Service to issue a certificate of discharge pursuant to 26 U.S.C. § 6325 (Count II). Plaintiff argues that any action on the 1979 assessment is barred by the six year statute of limitations then in effect, 26 U.S.C. § 6502(a).

The government filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction on the ground that this action is barred by the Anti-Injunction Act, 26 U.S.C.A. § 7421(a).

The court held an evidentiary hearing on December 28, 1992. At the conclusion of the hearing, the parties were given additional time to brief the issues. All briefs have now been submitted, and the claims are ripe for disposition.

For the reasons discussed below, defendant's motion to dismiss for lack of subject matter jurisdiction is granted in part. Plaintiff's request for relief with respect to the two unimproved parcels (described as parcels # 1 and # 2 on the notice of seizure filed by the IRS on November 12, 1991) is dismissed for lack of subject matter jurisdiction. Plaintiff's request for a preliminary injunction to halt the proposed sale of the improved parcel (described as parcel # 3 on the notice of seizure filed by the IRS on November 12, 1991) is granted. The IRS will be enjoined temporarily from proceeding with any further action on the levy filed November 7, 1991 with respect to parcel # 3.

The court will consult with counsel regarding disposition of plaintiff's request for a permanent injunction to halt the sale of the improved parcel (parcel # 3) and his request for a writ of mandamus directing the Commissioner of the Internal Revenue Service to release the lien on parcel # 3.

## JURISDICTION

The Anti-Injunction Act, 26 U.S.C.A. § 7421(a)[4] bars the courts from entertaining any action filed for the purpose of "restraining the assessment or collection of any tax" by the IRS. The purpose of the Act is to permit the government "to assess and collect taxes as expeditiously as possible with a minimum of preenforcement judicial interference, 'and to require that the legal right to the disputed sums be determined in suit for a refund.'" *Bob Jones University v. Simon,* 416 U.S. 725, 736, 94 S.Ct. 2038, 2045, 40 L.Ed.2d 496 (1974), *overruled on other grounds, South Carolina v. Regan,* 465 U.S.

---

1. A copy of the levy is attached to plaintiff's complaint as Exhibit "A".

2. A copy of the notice of seizure is attached to plaintiff's complaint as Exhibit "B".

3. A copy of the minimum bid notice is attached to plaintiff's complaint as Exhibit "C".

4. Section 7421(a) provides, in relevant part:

   [With certain exceptions not here relevant], no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

   26 U.S.C. § 7421(a).

367, 379, 104 S.Ct. 1107, 1115, 79 L.Ed.2d 372 (1984), quoting *Enochs v. Williams Packing & Navigation Company,* 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962). The Act deprives federal courts of jurisdiction to entertain an action to enjoin the IRS from assessing or collecting taxes.

■ The Supreme Court has carved out a narrow exception to the literal language of the Act. In *Williams Packing, supra,* the Court held that federal courts have jurisdiction to entertain an action to enjoin the assessment or collection of taxes if the taxpayer can demonstrate: 1) that the government cannot prevail on the merits even if the facts and law are examined in the light most favorable to it and 2) that equitable jurisdiction otherwise exists, i.e. the taxpayer can prove that he will suffer irreparable harm and is, therefore, entitled to equitable relief. *Id.* at 7, 82 S.Ct. at 1129. Accord: *Flynn v. United States by and Through Eggers,* 786 F.2d 586, 591 (3d Cir.1986). "Unless both conditions are met, a suit for preventive injunctive relief must be dismissed." *Alexander v. "Americans United",* 416 U.S. 752, 758, 94 S.Ct. 2053, 2057, 40 L.Ed.2d 518 (1974). If the record presents " 'material issues of disputed fact', the district court lacks jurisdiction to grant an injunction." *Church of Scientology of California v. United States,* 920 F.2d 1481, 1487 (9th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2258, 114 L.Ed.2d 711 (1991).

### Statute of limitations

Plaintiff argues that it is impossible for the government to prevail on its claims against him because it was required, under section 6502(a) of the Internal Revenue Code (IRC), as it existed at the time of the assessment in 1979, to levy on his property within six years.

■ The relevant dates are undisputed. Federal tax liability was assessed against plaintiff on June 14, 1979. The IRS obtained a judgment against him in an action filed in the Middle District of Pennsylvania on July 3, 1984. In orders dated August 6, 1984 and October 5, 1984, respectively, the court foreclosed on the tax liens against plaintiff and ordered the sale of plaintiff's property to satisfy the liens.

No further enforcement action was taken by the IRS until November 7, 1991. On that date, the IRS issued a levy on all property owned by plaintiff pursuant to 26 U.S.C.A. § 6331. The IRS notified Hillyer on October 16, 1992 that his real property was to be seized and issued a notice of seizure on November 12, 1992.

Section 6502(a) governs the length of time the government has to levy on an assessment for unpaid taxes. It was amended twice subsequent to the assessment against plaintiff, first in 1988 and again in 1990. Prior to 1988, the statute provided:

(a) Length of period.—Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun—

(1) within 6 years after the assessment of the tax, or

(2) prior to the expiration of any period for collection agreed upon in writing by the Secretary and the taxpayer before the expiration of such 6–year period (or, if there is a release of levy under section 6343 after such 6–year period, then before such release).

The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon. The period provided by this subsection during which a tax may be collected by levy shall not be extended or curtailed by reason of a judgment against a taxpayer.

26 U.S.C.A. § 6502(a).

In 1988, the last sentence was replaced with the following sentence:

If a timely proceeding in court for the collection of a tax is commenced, the period during which such tax may be collected by levy shall be extended and shall not expire until the liability for the tax (or a judgment against the taxpayer arising from such liability) is satisfied or becomes enforceable.

The Historical and Statutory Notes accompanying § 6502 quote Section 1015(u)(2) of

Pub.L. 100–647 as providing that the 1988 amendment "shall apply to levies issued after the date of the enactment of this Act [Nov. 10, 1988]."

Another amendment, in 1990, extended the six-year limitations period to ten years.[5] The 1990 amendment applies "to taxes assessed after Nov. 5, 1990, unless the period for collection of taxes has not expired." Pub.L. No. 101–508, § 11317(c).

■ The government argues that the 1991 levy against plaintiff's property is enforceable because the 1988 amendment operated to make the time for imposing a levy coextensive with that for executing on a judgment if court proceedings had been filed and a judgment obtained. Since a judgment was obtained against plaintiff in 1983, it argues, and judgments obtained in favor of the IRS are enforceable for an indefinite period (See: *Chevron, U.S.A., Inc. v. United States*, 705 F.2d 1487 (9th Cir.1983), the period of time for levying on plaintiff's property pursuant to the 1979 assessment was extended to an indefinite period (coextensive with the time for executing on the judgment obtained in 1983) by the 1988 amendment to section 6502.

That argument fails for two reasons. The government's right to levy on the 1979 assessment expired June 14, 1985, six years after the date of assessment. An amendment to section 6502 which became effective more than three years later did not breathe new life into a right that no longer existed.

While we agree with the government's assertion that the changes wrought by the 1988 amendment to section 6502(a) can be and

have been interpreted to extend the life of liens enforceable as of its effective date, the 1988 and 1990 amendments have not been interpreted to extend the life of a right no longer in existence as of the amendment's effective date. See, e.g., *In re Rassi*, 140 B.R. 490 (Bankr.C.D.Ill.1992) (1990 amendment applied if period specified in prior version of the statute had not expired as of effective date of amendment) and *In re Dakota Industries, Inc.*, 131 B.R. 437 (Bankr. S.D.1991).

The government's right to levy on the 1979 assessment expired in 1985 and cannot be revived under any reasonable or plausible application of existing law, even when all facts and law are interpreted in the light most favorable to the government. The levy imposed against plaintiff's real property in November, 1991, was, therefore, null and void from its inception. Plaintiff is, therefore, certain to succeed on the merits in proving non-viability of the 1991 levy. *South Carolina v. Regan*, 465 U.S. 367, 374–75, 104 S.Ct. 1107, 1112, 79 L.Ed.2d 372 (1984). He has, therefore, satisfied the first prong of *Williams Packing, supra.*

### *Preliminary injunction*

Under the stringent *Williams Packing* test, plaintiff is still required to prove entitlement to equitable relief before this court can exercise jurisdiction. Plaintiff seeks a preliminary injunction halting the scheduled sale of his real estate.

To obtain a preliminary injunction, a civil litigant must demonstrate: (1) a likelihood of success on the merits; (2) that he will suffer irreparable harm if an injunction does not

---

**5.** As amended in 1988 and 1990, section 6502(a) now provides:

(a) Length of period.—Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun—

(1) within 10 years after the assessment of the tax, or

(2) prior to the expiration of any period for collection agreed upon in writing by the Secretary and the taxpayer before the expiration of such 10–year period (or, if there is a release of levy under section 6343 after such 10–year period, then before such release).

The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon. If a timely proceeding in court for the collection of a tax is commenced, the period during which such tax may be collected by levy shall be extended and shall not expire until the liability for the tax (or a judgment against the taxpayer arising from such liability) is satisfied or becomes unenforceable.

26 U.S.C.A. § 6502(a). The court notes, in passing, that the last word was changed from "enforceable" to "unenforceable" in the 1990 amendment, presumably as a technical correction.

issue; (3) granting the injunction would impose no greater harm on the non-moving party than would be imposed on the moving party if the injunction were denied; and (4) the public interest would be best served by granting the injunction. *Opticians Association of America v. Independent Opticians of America*, 920 F.2d 187, 192–96 (3d Cir.1990).

■ Irreparable harm and likelihood of success on the merits are essential elements. Absent a showing of either one, the petitioner is not entitled to injunctive relief. To prove irreparable harm, the petitioner must show that the harm threatened by the defendant's conduct, in this case by the seizure and sale of petitioner's property, cannot be compensated by money damages. If the threatened harm is compensable with monetary damages, the petitioner has not demonstrated irreparable harm and is not entitled to a preliminary injunction. *Frank's GMC Truck Center, Inc. v. G.M.C.*, 847 F.2d 100, 102–03 (3d Cir.1988) and *Morton v. Beyer*, 822 F.2d 364, 371–72 (3d Cir.1987).

Our discussion of the first prong of *Williams Packing, supra* establishes that plaintiff has established a likelihood of success on the merits. Based on the testimony presented during the December 28, 1992 hearing stating, *inter alia*, that the sale of plaintiff's home will leave him, his wife and child without a place to live, and that he is without funds or income to obtain another place to live, we are likewise satisfied that plaintiff has established that granting the injunction would impose no greater harm than denying it and that the public interest would be served by granting partial injunctive relief to halt the sale of plaintiff's home.

### Irreparable harm

The government argues that the plaintiff cannot demonstrate irreparable harm because he has a remedy for the seizure of his property—an action for a refund against the IRS. *Church of Scientology, supra*, 920 F.2d at 1489.

Plaintiff contends that a refund action is no remedy at all, because the loss of his home and his land, his only assets, will financially ruin him and his family. He is currently unemployed, has no income, other than loans from his family, and he and his family will have nowhere to live and no money to rent a place in which to live if their home is seized and sold by the IRS.

■ Although economic harm alone is usually insufficient to establish irreparable harm, (See: *Church of Scientology, supra*, 920 F.2d at 1489 and *Bob Jones University, supra*, 416 U.S. at 745, 94 S.Ct. at 2050) it can in some cases be sufficient if the threatened harm is a type from which the plaintiff will be unable to recover and for which monetary damages can never adequately compensate, e.g. the impoverishment or certain hopelessness of the taxpayer's family. Such extreme financial consequences provide a basis for the exercise of a court's equity powers. *Williaims Packing*, 370 U.S. at 6, 82 S.Ct. at 1129. See also *Pizzarello v. United States*, 408 F.2d 579, 587 (2d Cir.), *cert. denied* 396 U.S. 986, 90 S.Ct. 481, 24 L.Ed.2d 450 (1969).

■ Here, plaintiff testified at the December 28, 1992 hearing that he is currently unemployed and has been so for some time; has been unable to work since sustaining an injury in a truck accident in the 1980's; the real estate subject to the levy is his only asset; that his home is located on one of the three parcels; and that if the home is sold, he and his family will become homeless because they have no money or income to purchase or rent another home. Monetary damages cannot compensate plaintiff for the homelessness of himself and his family. See, e.g. *Jensen v. Internal Revenue Service*, 835 F.2d 196 (9th Cir.1987) (Based on evidence of taxpayer's monthly income, the portion of his income being seized by the IRS, and the amount left to support the taxpayer and his family, the court found that the taxpayer would suffer more than monetary harm if he were deprived of the ability to give his family the necessities of life and found such a deprivation sufficient to support a claim for injunctive relief). Cf. *Elias v. Connett*, 908 F.2d 521 (9th Cir.1990) (Taxpayer did not prove inadequacy of refund action as an alternative remedy and failed to substantiate allegations that he was destitute—record contained no evidence of his income, the portion of his income subject to the IRS's levy

or the amount which he would be left with after the levy—offered no evidence to support his allegations of irreparable harm—failed to show that he will suffer more than mere monetary harm or financial hardship if denied relief.) and *Brewer v. United States,* 764 F.Supp. 309 (S.D.N.Y.1991) (Generalized contentions by the plaintiff that he and his family will be thrown out into the streets and that his medical condition is being aggravated by the stress of his prolonged struggle with the IRS are insufficient to support allegations of irreparable harm.)

 Plaintiff has demonstrated irreparable harm, however, only with respect to the threatened sale of the parcel containing his house (described as parcel # 3 on the notice of seizure filed by the IRS on November 12, 1991). There has been no such showing with respect to the other two, unimproved parcels (described as parcels # 1 and # 2 on the notice of seizure filed by the IRS on November 12, 1991). We, therefore, have no jurisdiction, under the Anti–Injunction Act, to halt the proposed sale of the unimproved parcels and will grant defendant's motion to dismiss with respect to the relief sought on the levy filed against those parcels.

### ORDER

For the reasons discussed in the accompanying memorandum, **IT IS ORDERED THAT:**

1. The government's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction is granted in part. Plaintiff's claims for relief from the levy imposed November 12, 1991 by the Internal Revenue Service (IRS) on parcels described as parcels # 1 and # 2 on the notice of seizure filed by the IRS that date are dismissed for lack of subject matter jurisdiction under the Anti–Injunction Act, 26 U.S.C.A. § 7421(a).

2. The government's motion to dismiss is denied with respect to the claim for relief from the levy imposed November 12, 1991 by the IRS on the parcel described as parcel # 3 (the improved parcel) on the notice of seizure filed by the IRS that date.

3. The IRS is enjoined from proceeding with the proposed sale of parcel # 3 on February 25, 1992 and from taking any further action whatsoever to enforce the levy imposed November 12, 1992 on parcel ɔ 3 until further order of this court.

4. This injunction has no effect on the government's ability to proceed with the scheduled sale of the two unimproved parcels (parcels # 1 and 2).

5. The court will schedule a telephone conference call with counsel to discuss scheduling of disposition of remaining claims—i.e. 1) request for permanent injunction barring sale of parcel # 3 and 2) request for writ of mandamus requiring IRS Commissioner to release lien on that parcel.