In re DUTCH MASTERS MEATS, INC., Debtor.

DUTCH MASTERS MEATS, INC., Plaintiff,

v.

UNITED STATES of America, Department of Treasury, Internal Revenue Service, and Meridian Bank, Defendants.

Bankruptcy No. 1–91–02797.
Adv. No. 1–94–00260A.

United States Bankruptcy Court, M.D. Pennsylvania.

March 3, 1995.

**407**

Lawrence G. Frank, Harrisburg, PA, for debtor/plaintiff.

Kurt Althouse, Bingaman, Hess, Koblentz & Bell, Reading, PA, for Meridian Bank.

David M. Barasch, U.S. Atty., Mike Kane, Asst. U.S. Atty., M.D.Pa., Harrisburg, PA, Karl J. Fingerhood, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for U.S.

## MEMORANDUM

ROBERT J. WOODSIDE, Chief Judge.

Before me is the Complaint of Dutch Masters Meats, Inc. ("Dutch Masters" or the "Debtor"), requesting injunctive relief against the Internal Revenue Service (the "IRS" or the "Service") and Meridian Bank ("Meridian"). The Complaint seeks primarily to enjoin the IRS from taking action to collect post-confirmation employment tax deficiencies from the reorganized Debtor. For the reasons stated below, the relief requested in the Complaint will be denied.

### Procedural History

Dutch Masters filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code on November 19, 1991. On September 23, 1992, I issued an Order confirming its Chapter 11 plan of reorganization.

On October 31, 1994, Dutch Masters initiated the instant adversary proceeding by Complaint; Dutch Masters also filed a motion for temporary restraining order and a motion for a preliminary injunction. I granted Dutch Masters' request for a temporary restraining order on November 1, 1994.

On November 3, 1994, the IRS moved for dismissal of the complaint. Meridian filed an Answer to the Complaint on November 15, 1994. I conducted a hearing on the request for a preliminary injunction on November 7, 1994. Dutch Masters and the IRS subsequently submitted briefs. Dutch Masters' request for a preliminary injunction and the IRS' motion to dismiss the Complaint are both now ready for disposition.

### Factual Findings

1. Dutch Masters filed a First Amended Plan of Reorganization (the "Plan") on July 10, 1992. Article VIII of the Plan reads in pertinent part:

> The Court will retain jurisdiction until this plan has been fully consummated, including, but not limited to the following purposes:
>
> . . . .
>
> 6. Entry of an order including injunctions necessary to enforce the title rights and powers of the debtor-in-possession and to impose such limitations, restrictions, terms, and conditions of such title, rights and powers as this court may deems necessary.

2. The Plan was confirmed by Order of this Court on September 23, 1992.

3. Subsequent to the confirmation of the Plan, Dutch Masters failed to pay certain trust fund taxes to the IRS. At the time of the filing of the complaint, Dutch Masters' post-petition trust fund tax delinquency was approximately $140,000.00.

4. Dutch Masters reached an oral agreement with IRS Revenue Agent Jeff White regarding the delinquency in trust fund taxes. Under this agreement, Dutch Masters was to make monthly payments of $14,000.00 to the IRS for the months of October and November 1994. The parties intended to discuss the payment of the balance of the

delinquency at the end of November. In return, the IRS would refrain from taking action on the unpaid taxes through the end of November.

5. Dutch Masters sent a letter to Agent White confirming this arrangement on September 28, 1994. The IRS does not appear to have responded in writing to this letter.

6. On September 30, 1994, the IRS filed a lien against Dutch Masters for the delinquent taxes.

7. Dutch Masters sent the IRS the first payment of $14,000.00 in the month of October, pursuant to the agreement.

8. After the first $14,000.00 payment, the IRS informed Dutch Masters that the agreement entered into with Agent White had been rejected by the Service. The IRS advised Dutch Masters that it intended to levy on the debtor's accounts receivable.

9. The IRS' actions have caused Meridian Bank, a significant secured creditor of Dutch Masters, to deem its loan to be in default. Meridian Bank has indicated its intention to enforce its lien.

10. Since the filing of the instant complaint, Dutch Masters has failed to pay further trust fund tax obligations to the IRS.

11. If the IRS and/or Meridian Bank execute their liens against Dutch Masters, it will be unable to continue operation.

### Discussion

### I. JURISDICTION OVER POST–CONFIRMATION REQUEST FOR INJUNCTIVE RELIEF.

■ The IRS first argues that this Court lacks jurisdiction over this matter, as it concerns a post-confirmation debt. Section 1141(b) of the Bankruptcy Code requires that: "Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor." 11 U.S.C. § 1141(b). While bankruptcy court jurisdiction generally ceases upon confirmation, the plan may reserve jurisdiction over certain matters. *See, e.g., Hillis Motors, Inc. v. Hawaii Auto. Dealers' Assoc.,* 997 F.2d 581, 587 (9th Cir.1993).

Article VIII of the Plan, quoted in my factual findings, appears to be an express reservation of jurisdiction for the provision of injunctive relief, in addition to a broad, general reservation of jurisdiction for the determination of matters pertinent to this reorganization. I find therefore that this court has jurisdiction to hear the matter in controversy.

### II. DUTCH MASTERS' RIGHT TO PRELIMINARY INJUNCTIVE RELIEF.

■ Injunctive relief against the IRS is generally prohibited by the Anti–Injunction Act, 26 U.S.C. § 7421. The Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person...." 26 U.S.C. § 7421(a). The prohibition against injunctions has been held to apply to the bankruptcy courts. *In re Becker's Motor Transp., Inc. (Needham's Motor Serv., Inc. v. Internal Revenue Serv.),* 632 F.2d 242, 246 (3d Cir.) (decided under the Bankruptcy Act), *cert. denied,* 450 U.S. 916, 101 S.Ct. 1358, 67 L.Ed.2d 341 (1980); *In re Heritage Village Church and Missionary Fellowship, Inc. (Clark v. United States),* 851 F.2d 104, 105 (4th Cir.1988) (decided under the Bankruptcy Code).

■ An exception to the anti-injunction rule was recognized by the Supreme Court in *Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). A party may be entitled to an injunction against the IRS if she can show that:

(1) The Government can not prevail on the merits, even if the facts and law are examined in the light most favorable to it; and

(2) Equitable jurisdiction otherwise exists.

*Id.* at 7, 82 S.Ct. at 1129; *Bob Jones Univ. v. Simon,* 416 U.S. 725, 737, 94 S.Ct. 2038, 2046, 40 L.Ed.2d 496 (1974); *Hillyer v. Commissioner,* 817 F.Supp. 532, 535 (M.D.Pa.1993).

### A. The Government's chances of prevailing on the merits.

The *Williams Packing* exception to the Anti–Injunction Act requires that the taxpayer show that "it is clear that under no cir-

cumstances could the Government ultimately prevail" on the merits. *Williams Packing,* 370 U.S. at 7, 82 S.Ct. at 1129. Dutch Masters here raises two substantive grounds for relief: (1) its payment arrangement with the IRS represents an enforceable agreement; and (2) if the agreement is not *prima facie* enforceable against the IRS, the Service should nonetheless be equitably estopped from pursuing collection. Dutch Masters has failed to meet its burden under either theory.

### 1. The enforceability of the agreement between Dutch Masters and the IRS.

■ Dutch Masters argues that the IRS is bound by the terms of the agreement between the debtor and Agent White. As the only written evidence of this agreement is a letter from Dutch Masters to the IRS, making reference to a prior oral agreement, I must note initially that any such arrangement does not satisfy the requirement of 26 U.S.C. § 7121 that all agreements regarding compromises of liability be in writing. Dutch Masters has offered no evidence of a written acceptance of the terms of the payment arrangement by the IRS. *See Boulez v. Commissioner,* 810 F.2d 209, 216–17 (D.C.Cir.), (finding oral agreement with IRS invalid under Treas.Reg. § 301.7122–1(d)), *cert. denied,* 484 U.S. 896, 108 S.Ct. 229, 98 L.Ed.2d 188 (1987); *Heffelfinger v. United States,* No. 4:CV–94–0122, slip op. at 8 (M.D.Pa. Sept. 21, 1994).

■ Furthermore, Dutch Masters' agreement with Agent White can not represent a contract enforceable as against the Government, since an IRS agent lacks authority to bind the service in the settlement of tax liability. 26 U.S.C. § 7122. Dutch Masters' argument that the agent's failure to disclose his lack of authority to enter into compromises binds the Service under the principles of agency is unpersuasive; once a statute has been published, all citizens are on notice of its contents. *Federal Crop Ins. Corp. v. Merrill,* 332 U.S. 380, 384–85, 68 S.Ct. 1, 3–4, 92 L.Ed. 10 (1947) ("Just as everyone is charged with knowledge of the United States Statutes at Large, Congress has provided that the appearance of rules and regulations in the Federal Register gives legal notice of their contents."); *Boulez,* 810 F.2d at 218 n. 68; *Heffelfinger,* slip op. at 10. Regardless of such disclosure, Agent White lacked the authority to bind the Service. *United States v. Asmar,* 827 F.2d 907, 913 n. 7 (3d Cir.1987); *Brooks v. United States,* 833 F.2d 1136, 1145–46 (4th Cir.1987); *Boulez,* 810 F.2d at 217. Dutch Masters has failed to demonstrate that it will clearly be able to prove that it entered into an enforceable contract with the IRS.

### 2. Debtor's claim of equitable estoppel against the United States.

■ Dutch Masters further claims that even if its agreement with the IRS does not represent an enforceable contract in fact, its reliance upon that agreement should equitably estop the IRS' attempts to collect the delinquent taxes.

■ While the Supreme Court has not expressly ruled on the application of estoppel against the government, *Heckler v. Community Health Serv. of Crawford County,* 467 U.S. 51, 60, 104 S.Ct. 2218, 2224, 81 L.Ed.2d 42 (1984), the Third Circuit has found that estoppel may be effectively asserted against the government. *Asmar,* 827 F.2d at 912. Governmental estoppel must, however, be construed narrowly:

> When the Government is unable to enforce the law because the conduct of its agents has given rise to an estoppel, the interest of the citizenry as a whole in obedience to the rule of law is undermined. It is for this reason that it is well settled that the Government may not be estopped on the same terms as any other litigant.

*Heckler,* 467 U.S. at 60, 104 S.Ct. at 2224. The party asserting estoppel against the government has the burden of proving the traditional elements of estoppel, as well as "affirmative misconduct." *Asmar,* 827 F.2d at 912; *U.S. v. Lair,* 854 F.2d 233, 237–38 (7th Cir.1988).

The elements of governmental estoppel are therefore:

(a) Material misrepresentation by the government;

(b) A reasonable reliance upon that misrepresentation;

(c) Detriment resulting from that reliance; and

(d) Affirmative misconduct by the government.

*Asmar,* 827 F.2d at 912.

■ **a. Material Misrepresentation.** Assuming that Dutch Masters did in fact come to an oral agreement with the IRS to make two payments of $14,000.00 in exchange for forbearance in collection, such an agreement would represent a material misrepresentation by the Service, in that Agent White lacked authority to enter into it. *See Asmar,* 827 F.2d at 913 n. 7 (IRS agent's promise to pursue collection of joint liability from taxpayer's husband, not taxpayer, was a material misrepresentation, as agent lacked authority to so bind the Service). I find therefore that the IRS' agreement with Dutch Masters to forgo collection pending the October and November payments was a material misrepresentation.

■ **b. Reasonable reliance.** Dutch Masters argues that its payment of $14,000.00 to the IRS in October 1994 constitutes reasonable reliance upon its agreement with the Service. Although Dutch Masters was on constructive notice of the IRS agent's lack of authority to bind the Service as noted above, *supra* part II.A.1; *see Merrill,* 332 U.S. at 384–85, 68 S.Ct. at 3–4; *Boulez,* 810 F.2d at 218 n. 68, I nonetheless find that its reliance upon the payment agreement was reasonable. A financially distressed taxpayer, seeking to cure a substantial tax delinquency, would reasonably comply with the terms of any settlement agreement that its reached with an IRS agent, even if it knew that the agreement would have to be approved by the Service. *But see Heffelfinger,* slip op. at 10. It must surely have been apparent to Dutch Masters that further failure to meet its obligations to the IRS would doom its reorganization; it was reasonable of it to comply with the terms of the settlement tentatively reached as to delinquent trust fund taxes.

■ **c. Detriment based on reliance.** For Dutch Masters to establish detriment based on reliance it must show reliance which resulted in a change for the worse. *In re Crain (Crain v. Maryland),* 158 B.R. 608, 613 (Bankr.W.D.Pa.1993). The alleged agreement between Dutch Masters and the IRS only covered $28,000.00 of Dutch Masters' $140,000.00 delinquency. Even if the IRS was bound by this agreement to permit Dutch Masters to make two payments, it would then have been free to proceed against the debtor; the only agreement as to the balance owed was to discuss the matter further. Given the IRS' attempted repudiation of the two-payment agreement, it does not appear that it would have been willing to strike a deal as to the remaining $112,000.00 owed.

An analogous situation may be seen in the Third Circuit's *Asmar* decision. There, an IRS agent represented to the taxpayer that the Service would pursue her ex-husband, and not her, in the collection of joint tax liability. In reliance upon this forbearance, the taxpayer did not seek to enforce provisions in her divorce agreement regarding the joint tax obligations. This reliance was found to have resulted in no detriment to the taxpayer:

> [W]e cannot accept the fact that Asmar has suffered *any* demonstrable detriment. Any benefit she received from the IRS agents' promise not to proceed against her for execution of the judgment is not one to which she was or is legally entitled. To the contrary, she is jointly and severally liable for the 1976 tax judgment against her and her former husband. It would be a windfall to Asmar if she were not required to satisfy any of the adjudged tax deficiency. Moreover, strictly speaking, the IRS agents never *forgave* the adjudicated liability. They represented only that the IRS would "go after" Robert for satisfaction. There was always the possibility that, *after* fulfilling their promises and proceeding against Robert, the IRS would proceed against Kathleen Asmar for the remainder of any unsatisfied judgment.
>
> While she may be adversely affected by the execution of the judgment, it is not clear that Asmar is worse off than if the IRS had never promised to forgo an action against her.

*Asmar,* 827 F.2d at 915 (emphasis in original).

■ Similarly, any forbearance by the IRS in permitting Dutch Masters to pay delinquent trust fund taxes over an extended period of time represents a windfall to it. The Internal Revenue Code requires that employers withhold and pay over to the IRS taxes on the wages of their employees. 26 U.S.C. §§ 3402 & 3403. Properly speaking, the employer has no right to this withholding once wages are paid; such withholding is commonly referred to as "trust fund tax" precisely because the employer holds it in trust for the Government. 26 U.S.C. § 7501(a). It is because of this trust relationship that, unlike other tax obligations, trust fund taxes are nondischargeable regardless of age. 11 U.S.C. §§ 523(a)(1)(A) & 507(a)(8); *see* COLLIER ON BANKRUPTCY ¶ 523.06[6]. The IRS' initial willingness to accept installment payments on a delinquent trust fund tax obligation represents a substantial *benefit* to Dutch Masters. The payment of ten percent of the past due amount of such a tax obligation can not reasonably be viewed as a detriment.

More substantially, the IRS here made a promise to Dutch Masters which was limited in scope in much the same manner as that made to the taxpayer in *Asmar:* the agreement allegedly entered into between Dutch Masters and the IRS covered only two months. Once Dutch Masters had made two payments, the parties had agreed only that they would discuss the matter further. Even if it was bound by the two month agreement, the IRS would have been free in December of 1994 to refuse to further compromise, and to proceed immediately to collection. As Dutch Masters has conceded, enforcement by the IRS of its right to the delinquent trust fund taxes will result in the failure of the reorganization, and the collapse of its business. In that event, the $14,000.00 payment made to the IRS under the oral agreement will make no difference to Dutch Masters. *See also Crain,* 158 B.R. at 614 (no detriment where taxpayers sold their house in reliance upon alleged statements of IRS agent regarding capital gains liability, since if taxpayers had not sold the house, the Service would

have foreclosed its lien and had the house sold at forced sale).

Detriment based on reliance implies that Dutch Masters' position now would be better had it not acted in reliance at all. Clearly, had the Debtor not relied on its alleged agreement with the IRS, it still would have been subject to levy and execution. I note further that Dutch Masters' failure to pay $140,000.00 worth of post-confirmation trust fund taxes represents a failure to live up to the terms of the plan, and suggests in and of itself that the proposed reorganization is failing. The single $14,000.00 payment does not represent detriment sufficient to require equitable relief.

■ **d. Affirmative misconduct.** The exact meaning of *Williams Packing's* "affirmative misconduct" requirement is unclear; it must, however, be more than negligence or omission. *United States v. Pepperman,* 976 F.2d 123, 131 (3d Cir.1992); *Kennedy v. United States,* 965 F.2d 413, 421 (7th Cir.1992). For governmental action to rise to the level of affirmative misconduct, it must imperil "the 'interest of citizens in some minimum standard of decency, honor, and reliability in their dealings with their Government.'" *Pepperman,* 976 F.2d at 131 (quoting *Heckler,* 467 U.S. at 61, 104 S.Ct. at 2224).

No such affirmative misconduct occurred here. While the IRS agent's failure to warn Dutch Masters that he did not have the authority to bind the service absent approval of the agreement by appropriate superiors is a material misrepresentation, this omission does not rise to the level of affirmative misconduct. As noted above, *supra* part II.A.1, all citizens are on constructive notice of the law once it is published. *Merrill,* 332 U.S. at 384–85, 68 S.Ct. at 3–4; *Boulez,* 810 F.2d at 218 n. 68. Dutch Masters had the burden of ensuring that it understood the law in its negotiations with the IRS. "Men must turn square corners when they deal with the Government." *Rock Island, Ark. & La. R.R. Co. v. United States,* 254 U.S. 141, 143, 41 S.Ct. 55, 56, 65 L.Ed. 188 (1920). I note further that Dutch Masters is a sophisticated commercial debtor, and has been represented in its dealings with its creditors by experienced

counsel. I find therefore that Dutch Masters has failed to show any affirmative misconduct by the IRS.

I must therefore find that Dutch Masters has not shown that the Government can not prevail on the merits; the Anti–Injunction Act, 26 U.S.C. § 7421, therefore bars the grant of a preliminary injunction.

## B. Equitable jurisdiction.

 Having determined that Dutch Masters has failed to establish that the Government can not prevail on the merits, I need not resolve the second prong of the *Williams Packing* exception to the anti-injunction rule: whether equitable jurisdiction exists.[1] There are strong arguments on both sides of this question. On the one hand Dutch Masters contributes to the public interest by employing a substantial number of persons and the denial of an injunction will likely result in the failure of the reorganization. On the other hand, Dutch Masters cannot be permitted to continue to utilize trust fund monies to fund its business; once a reorganization plan is confirmed, a debtor must operate in a manner consistent with the plan and with applicable law. *See United States v. Hill,* 368 F.2d 617, 621 (5th Cir.1966) (stating that "[t]he desire to continue in business is not justification for violating the trust imposed to pay taxes"). The extent to which equitable jurisdiction is triggered under such circumstances is an issue that will be reserved for a case that is closer on the merits.

## III. THE IRS' MOTION TO DISMISS THE COMPLAINT.

The IRS has moved for dismissal of the Complaint based both on an absence of jurisdiction and on the Anti–Injunction Act's bar against the granting of injunctive relief against the IRS. As discussed above, *supra* part I, I find that this court does have jurisdiction over post-confirmation requests for injunctive relief. However, I further find that the IRS is entitled to a grant of their request for dismissal of the Complaint in light of the Anti–Injunction Act.

The Anti–Injunction Act, 26 U.S.C. § 7421(a), acts as a bar to the grant of any injunctive relief against the IRS. As discussed above, *supra* part II, Dutch Masters must prove that this case falls under the *Williams Packing* exception as a threshold requirement for the grant of any injunction. As Dutch Masters has failed to do so in the context of its request for a preliminary injunction, it is clear that it will be unable to do so in order to obtain a permanent injunction. The Anti–Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person...." 26 U.S.C. § 7421(a). Dutch Masters' Complaint seeks to bar the collection of a tax; I must therefore find that the Anti–Injunction Act bars the maintenance of this action against the IRS. The Service's motion to dismiss the Complaint must be granted.

## IV. DEBTOR'S REQUESTED RELIEF AGAINST MERIDIAN BANK.

Dutch Masters' Complaint in this proceeding requests injunctive relief against both the IRS and Meridian. Although my ruling today is on the IRS' Motion to Dismiss and not on the merits of Dutch Masters' claims against Meridian, the relief requested against Meridian is expressly tied in the Complaint to that requested against the IRS. In light of my denial of the requested injunction against the IRS, Dutch Masters has no grounds for the requested relief against Meridian. Meridian's relationship with Dutch Masters is therefore governed by the Plan and by those agreements entered into between them and Meridian is free to proceed against the debtor in response to post-confirmation defaults to the extent so permitted by those documents and by applicable law.

### *Conclusions of Law*

1. I have jurisdiction of the instant adversary proceeding pursuant to 28 U.S.C.

---

1. To establish an entitlement to equitable relief, the movant must show that: (1) the injunction is necessary to prevent irreparable harm; (2) greater harm will result from the denial of the injunction than from its grant; and (3) the grant of the

requested injunction would best serve the public interest. *Hillyer,* 817 F.Supp. at 537; *Opticians Assoc. of America v. Independent Opticians of America,* 920 F.2d 187, 192–93 (3d Cir.1990).

§§ 157 & 1334, and pursuant to Article VIII of the Plan. This is a core matter pursuant to 11 U.S.C. § 157(b)(2)(I).

2. Dutch Masters has failed to show that the Government will be unable to prove that an enforceable agreement does not exist between the parties.

3. Dutch Masters has failed to show that the Government will be unable to prove that it is not equitably estopped from collecting the debtor's post-petition obligations.

AN APPROPRIATE ORDER WILL FOLLOW.

### ORDER

AND NOW, this <u>3rd</u> day of March, 1995, after a hearing on the merits and for the reasons stated in the accompanying Memorandum, it is hereby ORDERED that:

1. Debtor's request for a preliminary injunction is hereby DENIED;

2. The temporary restraining order issued by this Court on November 1, 1994, is hereby DISSOLVED; and

3. The motion of the Internal Revenue Service for dismissal of the Complaint is hereby GRANTED;

4. Based upon the failure of its cause against the Internal Revenue Service, the Complaint is also dismissed as against Meridian Bank, N.A.

The Clerk is directed to close the adversary file.