**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Neil T. NORDBROCK,**
**Defendant-Appellant.**

**Neil T. NORDBROCK,**
**Plaintiff-Appellant,**

v.

**UNITED STATES of America,**
**Defendant-Appellee.**

**Nos. 85–2939, 86–2053.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted August 7, 1987.

Decided Sept. 28, 1987.

Donald W. MacPherson and Lawrence C. Bazrod, Phoenix, Ariz., for defendant-appellant.

William A. Whitledge and Elaine Ferris, Washington, D.C., for plaintiff-appellee.

Before WALLACE, HALL and LEAVY, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

This is a consolidated appeal. In No. 85–2939, Neil T. Nordbrock (Nordbrock), an income tax preparer, appeals from Judge Browning's order granting summary judgment in favor of the government in its lawsuit seeking injunctive relief against Nordbrock. In No. 86–2053, Nordbrock appeals from Judge Broomfield's order granting summary judgment in favor of the government in Nordbrock's action seeking a refund of penalties paid to the government. We reverse and remand both actions.

I

On February 2, 1982, a delegate of the Secretary of the Treasury contacted Nordbrock to request that he make available for inspection copies of income tax returns prepared by him for the return periods commencing on July 1, 1978 and ending on June 30, 1981. Alternatively, the delegate requested that Nordbrock make available for inspection a list of the names and taxpayer identification numbers of taxpayers for whom such returns were prepared. The government made its request pursuant to 26 U.S.C. § 6107(b).[1] After consulting with an attorney, Nordbrock refused to comply with the request, raising various statutory and constitutional objections. The government assessed penalties of $75,000 against Nordbrock for failure to provide the information. *See* 26 U.S.C. § 6695(d).[2]

On August 17, 1983, the government filed an action in federal district court seeking an injunction compelling Nordbrock to produce the requested information. *See* 26 U.S.C. 7407.[3] The government later moved

1. 26 U.S.C. § 6107(b) provides as follows:
   Any person who is an income tax return preparer with respect to a return or claim for refund shall, for the period ending 3 years after the close of the return period—
   (1) retain a completed copy of such return or claim, or retain, on a list, the name and taxpayer identification number of the taxpayer for whom such return or claim was prepared, and
   (2) make such copy or list available for inspection upon request by the Secretary.

2. 26 U.S.C. § 6695(d) provides as follows:
   Any person who is an income tax return preparer with respect to any return or claim for refund who fails to comply with section 6107(b) with respect to such return or claim shall pay a penalty of $50 for each such failure, unless it is shown that such failure is due to reasonable cause and not due to willful neglect. The maximum penalty imposed under this subsection on any person with respect to any return period shall not exceed $25,000.

3. 26 U.S.C. § 7407 provides, in relevant part, as follows:
   (a) [A] civil action in the name of the United States to enjoin any person who is an income tax return preparer from further engaging in any conduct described in subsection (b) or

for summary judgment. On July 19, 1985, Judge Browning granted the motion; he subsequently denied Nordbrock's motion for reconsideration. Nordbrock timely appeals.

Nordbrock paid a portion of the $75,000 penalty assessment. Upon the denial of his claim for refund, Nordbrock filed a separate action in federal district court seeking a refund of the payment made and an abatement of the remainder of the assessment. *See* 28 U.S.C. §§ 1340, 1346(a)(1). The parties later filed cross-motions for summary judgment. On March 31, 1986, Judge Broomfield granted summary judgment in favor of the government; he found that Judge Browning's finding in the injunction action that Nordbrock had acted willfully was res judicata in the refund action. Nordbrock timely appeals.

## II

■ The parties raise two issues of statutory construction. Issues of statutory construction present questions of law which we review de novo. *Trustees of Amalgamated Insurance Fund v. Geltman Industries, Inc.*, 784 F.2d 926, 929 (9th Cir.), *cert. denied,* —— U.S. ——, 107 S.Ct. 90, 93 L.Ed.2d 42 (1986).

■ First, the parties dispute whether an injunction is available under section 7407(b) to compel the production of information. Nordbrock contends that an injunction is not available where the information sought by the government is available through the summons procedures of 26 U.S.C. §§ 7602, 7609. We disagree. By its own terms, section 7407(b) provides the government with a remedy "separate and apart" from the summons procedures.

■ Second, the parties dispute whether willfulness is an essential element in a section 7407(b) injunction action. We agree with the government that willfulness is an essential element. The plain language of the statute supports our conclusion. Section 7407(b) provides that a court may enjoin, inter alia, conduct which is "subject to penalty" under section 6695(d). *See supra* note 3. Before conduct can be "subject to penalty" under section 6695(d), however, it must be willful; section 6695(d) does not penalize an income tax return preparer's failure to provide information where the failure "is due to reasonable cause and not due to willful neglect." *See supra* note 2; *cf. United States v. Savoie,* 594 F.Supp. 678, 684 (D.La.1984) (court looks to whether conduct was willful in determining whether to enjoin the conduct under section 7407(b)). Therefore, the willfulness requirement of section 6695(b) is an essential element in a section 7407(b) injunction action.

Two other circuit courts have reached the same conclusion with respect to a similar injunction provision in the Internal Revenue Code. 26 U.S.C. § 7408 provides that the Secretary of the Treasury can sue for an injunction on the ground that a person "has engaged in any conduct subject to penalty under section 6700." 26 U.S.C. § 6700, in turn, provides for penal-

from further acting as an income tax return preparer may be commenced at the request of the Secretary. Any action under this section shall be brought in the District Court of the United States for the district in which the income tax preparer resides or has his principal place of business or in which the taxpayer with respect to whose income tax return the action is brought resides. The court may exercise its jurisdiction over such action (as provided in section 7402(a)) separate and apart from any other action brought by the United States against such income tax preparer or any taxpayer.
(b) In any action under subsection (a), if the court finds—
(1) that an income tax return preparer has—

(A) engaged in any conduct subject to penalty under section 6694 or 6695 ... and
(2) that injunctive relief is appropriate to prevent the recurrence of such conduct,
the court may enjoin such person from further engaging in such conduct. If the court finds that an income tax return preparer has continually or repeatedly engaged in any conduct described in subparagraphs (A) through (D) of this subsection and that an injunction prohibiting such conduct would not be sufficient to prevent such person's interference with the proper administration of this title, the court may enjoin such person from acting as an income tax return preparer.

ties against any person who promotes abusive tax shelters by making statements "which the person knows or has reason to know [are] false or fraudulent as to any material matter." In implementing the "subject to penalty" language of section 7408, both the Fifth and Eighth Circuits have required that the knowledge required by section 6700 be present before enjoining conduct. *See United States v. White,* 769 F.2d 511, 515 (8th Cir.1985); *United States v. Buttorff,* 761 F.2d 1056, 1062 (5th Cir. 1985). The relationship between sections 7408 and 6700 is similar to the relationship between sections 7407(b) and 6695(d). Thus, a similar conclusion is warranted in this case; willfulness is an essential element of a section 7407(b) injunction action.

## III

We now turn to the central inquiry in this appeal, namely, whether Judges Browning and Broomfield erred in granting summary judgments in favor of the government. Nordbrock contends that summary judgment was inappropriate because his reliance on the advice of his counsel negates the willfulness required under both sections 7407(b) and 6695(d). The government, on the other hand, claims that Judge Browning's finding of willfulness should be reviewed for clear error and that there is sufficient evidence in the record to support the finding. The government then argues that Judge Browning's finding of willfulness is res judicata in the action before Judge Broomfield.

The government misconstrues the nature of a summary judgment. Summary judgment is appropriate if, viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law; a trial court should not make factual findings in determining whether summary judgment is appropriate. *Swayze v. United States,* 785 F.2d 715, 717 (9th Cir.1986). We review a

district court's grant of summary judgment de novo. *Id.*

Under certain circumstances, reliance on the advice of counsel may be a defense to a charge of willfulness. *Id.* Once a defendant has produced material evidence that he relied in good faith on the advice of counsel, summary judgment is inappropriate; it is then the province of the trier of fact to determine whether and to what extent the reliance constitutes a defense. *Id.* The case of *United States v. Conforte,* 624 F.2d 869 (9th Cir.), *cert. denied,* 449 U.S. 1012, 101 S.Ct. 568, 66 L.Ed.2d 470 (1980), cited by the government, is not to the contrary. In *Conforte,* we stated the general rule that "reliance on advice of counsel in tax evasion cases is not a complete defense, but only a circumstance indicating good faith which *the trier of fact* is allowed to consider on the issue of willfulness." *Id.* at 876 (emphasis added). We then reviewed the evidence produced at trial and determined that the trier of fact acted within its province in rejecting the defense. *Id.* at 878. This case, by contrast, never reached the trier of fact; instead, Judge Browning granted the government's motion for summary judgment. We must determine, therefore, whether Nordbrock raised sufficient evidence of good faith reliance on the advice of counsel to preclude summary judgment in this case. *Swayze,* 785 F.2d at 717.

Both Nordbrock and his attorney filed affidavits stating that Nordbrock was relying on the advice of counsel when he refused to turn over the information requested by the government and, instead, raised constitutional and statutory objections to the request. These affidavits raise a material issue of fact with respect to the defense of reliance on the advice of counsel. Summary judgment was inappropriate. Because we reverse Judge Browning's order granting summary judgment in favor of the government, we must also reverse Judge Broomfield's order since it held that Judge Browning's finding of willfulness in the injunction action was res judicata in the refund action.[4]

**4.** Our analysis of this case makes it unnecessary for us to address Nordbrock's constitutional objections to the government's request.

## IV

For the reasons stated above, the orders granting summary judgment in favor of the government are REVERSED, and these cases are REMANDED to the district court judges.

REVERSED and REMANDED.