Neil T. NORDBROCK, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. CV–99–444–TUC–JMR.

United States District Court, D. Arizona.

Sept. 28, 2000.

Order on Reconsideration July 30, 2001.

Neil T. Nordbrock, pro se.

Robert P. McIntosh, U.S. Dept. Justice, Tax Div., Washinton, DC, for U.S.

## ORDER

ROLL, District Judge.

Pending before the Court are Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim Upon Which Relief Can Be Granted, Plaintiff's Motion for Summary Judgment and Plaintiff's Writ of Mandamus in the Form of a Complaint. Although titled as a motion, Plaintiff states in his "Response to the March 6, 2000 Order of the Honorable James C. Carruth" that his motion for summary judgment is his response to Defendant's motion to dismiss.[1]

---

1. In his "Response to the March 6, 2000 Order of the Honorable James C. Carruth," Plaintiff also states that his Writ of Mandamus in the Form of a Complaint is in response to Defendant's motion to dismiss. However, because Plaintiff's Writ of Mandamus seeks an order compelling the Department of Justice to prosecute certain IRS employees and to re-

Accordingly, the Court construes Plaintiff's Motion for Summary Judgment as his response to Defendant's Motion to Dismiss. Therefore, only three motions remain for the Court's consideration, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, Defendant's Motion to Dismiss for Failure to State a Claim and Plaintiff's Writ of Mandamus in the Form of a Complaint. For the reasons stated below, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is denied, Defendant's Motion to Dismiss for Failure to State a Claim is denied in part and granted in part and Plaintiff's Writ of Mandamus in the Form of a Complaint is denied.

## BACKGROUND

In 1982, the IRS asked Plaintiff to turn over copies of tax returns he prepared from 1978–1981. Plaintiff refused. As a result, the IRS, pursuant to 26 U.S.C. § 6695(d), assessed penalties against Plaintiff in the sum of $75,000.[2] The IRS filed notices of federal tax liens with the Pima County Recorder against Plaintiff[3] and Swan Business Organization[4] as nominee of Plaintiff.

In August, 1983, the government filed an action in federal court seeking an injunction against Plaintiff to compel him to turn over the requested tax return information. (83–CV–553 TUC WDB). In December of 1983, after paying $250.00 towards the penalties, Plaintiff filed a separate suit in federal court seeking a refund of the $250.00 and an abatement of the remainder of the penalties. (83–CV–2398 PHX RCB). In the lawsuit initiated by Plaintiff, the government filed a counterclaim for $74,750, the balance of the assessment still owed by Plaintiff.

In the government's action for injunctive relief, the district court issued summary judgment in favor of the government. Summary judgment was also issued in favor of the government in Plaintiff's action for refund and abatement. Plaintiff appealed both decisions.

The cases were consolidated on appeal. The Ninth Circuit reversed and remanded both cases, finding that a material issue of fact existed with respect to whether Plaintiff acted wilfully in refusing to turn over the requested tax return information to the IRS. *See United States v. Nordbrock*, 828 F.2d 1401 (9th Cir.1987).

On remand, the cases were consolidated. (83–CV–553 TUC WDB). A bench trial was held. The district court concluded

strain the IRS and Department of Justice from furthering harassing Plaintiff, the Court does not construe Plaintiff's Writ of Mandamus as part of his response to Defendant's motion but as a separate claim for relief.

**2.** Pursuant to 26 U.S.C. § 6695(d), Plaintiff was assessed the maximum penalty, $25,000, for each of the three years he refused to turn over information. The first penalty was assessed June 28, 1982, and the second and third penalties were assessed on December 28, 1982.

**3.** The IRS released the federal tax liens against Plaintiff on September 15, 1990. Although Plaintiff alleges in his "Memorandum and Supplement in Support of Plaintiff's Motion for Default Judgment and/or Motion for

Summary Judgment" that the IRS rescinded all liens it had filed against him and Swan Business Organization, the exhibits attached to Plaintiff's complaint show that the IRS only released the liens it had against Plaintiff, not the liens it had filed against Swan Business Organization.

**4.** In 1971, Plaintiff and his wife, Evelyn R. Nordbrock, purchased property (Swan Road Property) as joint tenants with right of survivorship. On August 23, 1983, Plaintiff and his wife conveyed this property to Swan Business Organization, an organization owned by Plaintiff. Therefore, on September 15, 1983, the IRS filed a notice of federal tax lien against Swan Business Organization as Plaintiff's nominee.

that Plaintiff had acted wilfully in refusing to turn over the requested information to the IRS. The court enjoined Plaintiff from preparing tax returns for other taxpayers and sustained the $75,000 in penalties assessed against Plaintiff. Plaintiff appealed.

On appeal, the Ninth Circuit again reversed and remanded. The Court found that Plaintiff was entitled to a trial by jury. *See United States v. Nordbrock,* 941 F.2d 947 (9th Cir.1991).

On remand, a jury trial was conducted. The jury found that Plaintiff had not acted in good faith and wilfully had failed to comply with the law. Pursuant to 26 U.S.C. § 7407(b), the court issued a lifetime injunction against Plaintiff prohibiting him from preparing tax returns for other taxpayers. In addition, the court found that Plaintiff was not entitled to a refund or an abatement. At that time, however, the court did not enter judgment on the government's counterclaim for the unpaid balance of the penalties.[5] Plaintiff appealed.

On October 11, 1994, the Ninth Circuit affirmed the jury's verdict, the district court's issuance of the lifetime injunction, and the penalties assessed against Plaintiff. *See United States v. Nordbrock,* 38 F.3d 440 (9th Cir.1994).

During the pendency of these lawsuits, in October 1992, the IRS seized the Swan Road Property. A notice of seizure was sent to Swan Business Organization as nominee of Plaintiff on October 9, 1992. The IRS also began proceedings to sell the Swan Road Property, preparing a minimum bid worksheet on October 16, 1992. However, these proceedings were stayed due to Swan Business Organization and Plaintiff filing for bankruptcy on October

13, 1992 and July 27, 1994, respectively. Swan Business Organization's bankruptcy petition was dismissed on August 2, 1994 and Plaintiff's personal bankruptcy was dismissed on December 4, 1995.

Once the bankruptcy actions were dismissed, the IRS proceeded to sell the Swan Road Property pursuant to a sealed bid sale on April 12, 1996. The property was sold on April 25, 1996 for $62,501.10.

On September 7, 1999, Plaintiff filed the instant case. Plaintiff seeks a refund of $62,501.10, the amount realized from the sale of the Swan Road Property, reasonable attorneys' fees and costs and whatever further relief the Court deems justified.

On December 15, 1999, Defendant filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. On December 20, 1999, Plaintiff filed a Writ of Mandamus in the Form of a Complaint. Because a lack of subject matter jurisdiction would preclude the Court from deciding this case, the Court will address Defendant's motion to dismiss based on lack of subject matter jurisdiction first.

### A. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction

Defendant argues that this Court lacks subject matter jurisdiction for two reasons. First, Defendant contends that because this lawsuit is a claim for a refund of taxes, jurisdiction of the court is governed by 28 U.S.C. § 1346. Although the government has waived its sovereign immunity for such suits, 26 U.S.C. § 7422, Defendant argues that in order for jurisdiction to exist under these sections, there must have been an overpayment of the tax. Defendant con-

---

**5.** On June 3, 1993, the district court issued an amended judgment, entering judgment in favor of the government and against Plaintiff on the government's counterclaim for the unpaid balance of the penalties. This amended judgment was entered nunc pro tunc as of October 28, 1992.

tends that there has been no overpayment in this case. Although the Ninth Circuit has recognized a limited exception to the overpayment jurisdictional requirement where a taxpayer never receives notice of assessment and demand for payment prior to having his property levied, *Martinez v. United States,* 669 F.2d 568, 569 (9th Cir.1982), Defendant argues that Plaintiff does not fall within this exception because he received notice and demand for payment of the assessed penalties prior to the seizure and sale of the Swan Road Property.

Second, Defendant argues that the Court lacks jurisdiction due to Plaintiff's failure to timely file an administrative claim for refund within two years from the time the tax was paid, a jurisdictional prerequisite.[6]

Plaintiff alleges in his complaint that this Court has jurisdiction of this case pursuant to 28 U.S.C. § 1346(a)(1). In response to Defendant's motion to dismiss for lack of subject matter jurisdiction, Plaintiff argues that there was an overpayment of tax because Defendant did not levy on the Swan Lake Property within the six year statute of limitations. In addition, Plaintiff claims that he submitted a timely administrative claim for refund because he filed a Form 6118 with the IRS within three years from the date of the sale of the property.

### 1. 28 U.S.C. § 1346(a)(1)

Plaintiff alleges that the Court has jurisdiction pursuant to 28 U.S.C. 1346(a)(1). This section provides:

(a) The district courts shall have jurisdiction...of:

(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any matter wrongfully collected under the internal-revenue laws.

■ The Supreme Court has interpreted § 1346(a)(1) as requiring full payment of the assessed tax or penalty before an income tax refund suit can be maintained. *Flora v. United States,* 362 U.S. 145, 177, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960). *See also Boynton v. United States,* 566 F.2d 50, 52 (9th Cir.1977) ("It has long been established that partial payment of assessed taxes or a proposed deficiency is insufficient to support jurisdiction in the [d]istrict [c]ourt of a refund suit under 28 U.S.C. § 1346."). Here, Plaintiff has paid only $250.00 of the penalties assessed against him. However, as Plaintiff correctly points out, there is an exception to the full payment requirement with respect to divisible tax assessments.[7]

■ Under the divisible tax exception, a taxpayer need only pay the divisible amount of the penalty assessment before instituting a refund action. *Boynton,* 566 F.2d at 52. According to the Federal Tax Coordinator ¶ T–9007, divisible taxes include manufacturer's excise tax; highway

---

**6.** Although Defendant did not raise this argument until its reply, Defendant correctly states that issues regarding subject matter jurisdiction may be raised and considered at any time. *May Dep't Store v. Graphic Process Co.,* 637 F.2d 1211, 1216 (9th Cir.1980); Fed. R.Civ.P. 12(h)(3).

**7.** Plaintiff states that another exception to the full payment requirement occurs when the

government asserts a counterclaim for the unpaid portion of the tax asserted to be due in the same action in which Plaintiff seeks a refund. Although this exception was applied in *Freeman v. United States,* 265 F.2d 66, 69 (9th Cir.1959), the vitality of this exception was called into doubt in *Boynton,* 566 F.2d at 55–56 n. 10. In any event, the government has not counterclaimed for the unpaid penalties in this case.

**964**

use tax; wagering tax; FICA and FUTA taxes; income withholding tax on wages; the 100% penalty under 26 U.S.C. § 6672 for failure to collect and pay over various taxes; the excise tax on transfers to foreign trusts; and excise taxes imposed on prohibited acts of private foundations, black lung benefit trusts, charitable organizations, 26 U.S.C. § 501(c)(4) social welfare organizations, and qualified pension plans.

■ The penalties assessed against Plaintiff were assessed pursuant to 26 U.S.C. § 6695(d). This section allows the IRS to assess a penalty of $50.00 for each violation, the total penalty not to exceed $25,000. Because the penalties assessed against Plaintiff are divisible by $50.00, Plaintiff did pay a divisible portion of the tax assessment. Therefore, the full payment requirement does not strip jurisdiction from this Court.[8]

### 2. 26 U.S.C. § 7422(a)

Despite meeting the jurisdictional requirements under 28 U.S.C. § 1346(a), Defendant argues that this Court lacks jurisdiction in this matter because Plaintiff failed to file an administrative claim for refund within two years from the date the penalty was paid as required by 26 U.S.C. § § 7422(a)[9] and 6511(a). In addition, Defendant argues that in order for this Court to have jurisdiction under § 7422(a), Plaintiff must show that there has been an

---

**8.** In Case No. CV–99–199 TUC ACM, consolidated with CV–99–293 TUC ACM, Judge Marquez determined that "[t]o the extent that Plaintiffs' complaint can be interpreted as a claim for refund, the Court lacks subject matter jurisdiction because Plaintiffs have not paid in full all of the assessed amounts." However, Judge Marquez did not consider the divisible tax exception to the full payment requirement.

**9.** Section 7422(a) provides:
   (a) No suit prior to filing claim for refund.—No suit or proceeding shall be main-

overpayment of tax, which he has failed to do.

■ Defendant's argument regarding Plaintiff's failure to timely file an administrative claim is without merit. Defendant relies upon the wrong statute of limitations, 26 U.S.C. § 6511(a). The correct statute of limitations for filing a claim for refund of any penalty assessed pursuant to § 6695 is three years. 26 U.S.C. § 6696(d)(2). Plaintiff filed his claim for refund with the IRS on December 17, 1998, within three years from the date the Swan Road Property was sold. Therefore, Plaintiff did file a timely administrative claim.

However, § 6696(d)(2) requires that there be an overpayment of the penalty assessed, which is the same argument Defendant asserts as another basis for the Court lacking jurisdiction under § 7422(a).

### 3. Overpayment

Defendant is correct that "an overpayment must appear before refund is authorized." *Lewis v. Reynolds,* 284 U.S. 281, 283, 52 S.Ct. 145, 76 L.Ed. 293, *amended by* 284 U.S. 599, 52 S.Ct. 264, 76 L.Ed. 514 (1932). Although the *Lewis* Court precluded a statute of limitations defense in a refund action, this holding was superseded by statute. Currently, 26 U.S.C. § 6401 provides: "The term 'overpayment' includes that part of the amount of the pay-

tained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

ment of any internal revenue tax which is assessed or collected after the expiration of the period of limitation properly applicable thereto." Plaintiff contends that because the sale of the Swan Road Property occurred outside the applicable statute of limitations, there has been an overpayment of tax in this case.

Both parties agree that 26 U.S.C. § 6502(a) applies here. However, the parties dispute which version of § 6502(a) applies—the pre–1988 version or the 1988 amendment.

Section 6502(a) governs the length of time the government has to levy on an assessment of unpaid taxes. It has been amended twice since the penalties were assessed against Plaintiff in 1982. Prior to 1988, the statute provided:

> (a) Length of period.—Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun—
>
> (1) within 6 years after the assessment of the tax, or
>
> (2) prior to the expiration of any period for collection agreed upon in writing by the Secretary and the taxpayer before the expiration of such 6–year period (or, if there is a release of levy under section 6343 after such 6–year period, then before such release).
>
> The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon. The period provided by this subsection during which a tax may be collected by levy shall not be extended or curtailed by reason of a judgment against a taxpayer.

In 1988, Congress replaced the last sentence with the following:

> If a timely proceeding in court for the collection of a tax is commenced, the period during which such tax may be collected by levy shall be extended and shall not expire until the liability for the tax (or a judgment against the taxpayer arising from such liability) is satisfied or becomes unenforceable.

According to the historical and statutory notes, the 1988 amendment to § 6502(a) was to apply to levies issued after the date of enactment, November 10, 1988.[10]

Defendant argues that because the seizure/levy of Plaintiff's property occurred on October 9, 1992, the 1988 amendment to § 6502(a) applies. Defendant, relying on the 1988 amendment to § 6502(a), contends that because it initiated, within 6 years of assessment of the penalties, a suit to reduce the penalties to judgment, the statute of limitations in which to collect the penalties by levy was extended indefinitely.

Plaintiff argues that the pre–1988 statute applies here. He relies upon *Hillyer v. Comm'r Internal Revenue,* 817 F.Supp. 532 (M.D.Pa.1993). He contends that the 1988 amendment cannot apply to the instant case, even though it was to apply to levies issued after November 10, 1988, because it did not take effect until five months after the statute of limitations for collection of Plaintiff's assessments had expired on June 28, 1988. Plaintiff argues that the 1988 amendment could not breathe new life into a right that had already expired.

▪ The Court agrees with Plaintiff and the reasoning in *Hillyer.* Because the 1988 amendment did not come into effect

---

10. In 1990, Congress again amended § 6502(a), extending the 6 year statute of limitations period to 10 years. The 1990 amendment applies to all taxes assessed after November 5, 1990 unless the period for collection of taxes has not expired.

until after the statute of limitations for collection of the June 28, 1982 assessment had expired, the 1988 amendment is inapplicable here, at least as to the June 1982 assessment. According to § 6502(a), as it existed prior to 1988, there were two methods of collection available to Defendant, either collect the penalties pursuant to a proceeding in court or collect the penalties by levy. Here, in Plaintiff's 1983 lawsuit, Defendant received a judgment in its favor on its counterclaim for the unpaid penalties. Although Defendant's counterclaim was timely commenced within six years of the date of assessment, Defendant also chose to collect the unpaid portion of the penalty by levy. According to the pre–1988 version of § 6502(a), this levy must have been initiated within six years of the date of assessment. The fact that a judgment was obtained against Plaintiff did not extend this six year period. Defendant did not levy on Plaintiff's property until October 1992, over eleven years after the penalty was assessed against Plaintiff. Therefore, as to the June 1982 assessment, there was an overpayment of tax and this Court has jurisdiction.

■ As to the December 1982 assessments,[11] the statute of limitations for collection did not expire until December 1988, after the effective date of the 1988 amendment to § 6502(a). Therefore, the 1988 amendment would apply to these assessments. According to the 1988 amendment, the fact that Defendant initiated a court proceeding to collect the penalties within six years of the date of the assessments extended the time for Defendant to collect the penalties by levy until the liability for the penalties was satisfied. Hence, as to the December 1982 assessments, there was no overpayment of tax, and the Court lacks summary matter jurisdiction under the overpayment jurisdictional requirement.

### 4. *Martinez* exception

Despite not meeting the overpayment requirement as to the December 1988 assessments and regardless of whether Plaintiff satisfies the full payment requirement, this Court has subject matter jurisdiction over this entire lawsuit pursuant to *Martinez v. United States*, 669 F.2d 568, 569 (9th Cir.1981). In *Martinez*, the Ninth Circuit recognized an exception to the overpayment requirement. It stated:

> Under *Lewis v. Reynolds* . . . , a taxpayer has the burden in a refund suit to prove overpayment of tax. Because Martinez cannot prove overpayment, the IRS argues it may offset any refund he is entitled to against his liability. It would follow that, no matter how deliberately the IRS violated its own procedures, the taxpayer would be without a remedy unless the value of the property seized exceeded his tax liability.
>
> We disagree. Although styled as a refund suit, Martinez's suit more closely resembles a tort claim for conversion. A refund suit is generally based on an argument between the taxpayer and the IRS about how his tax liability is calculated. Martinez challenges neither the collection of nor his liability for the tax. He is challenging only the manner in which the government took his property in payment.

*Martinez*, 669 F.2d at 569.

■ Defendant argues that this case falls outside the *Martinez* exception because Plaintiff received notice of the assessments and demand for payment. The Court declines to adopt such a narrow

---

11. Neither party separated the two assessments. Both parties made their arguments only in terms of the June 1982 assessment.

interpretation of *Martinez*. Here, as in *Martinez*, Plaintiff is not challenging the calculation of or his liability for the penalties. He is challenging the manner in which Defendant seized and sold his property. Although styled as a claim for refund, Plaintiff's complaint more closely resembles a claim for wrongful conversion of the Swan Road Property. Accordingly, this Court has jurisdiction of this action and Defendant's motion to dismiss based on lack of subject matter jurisdiction is denied.

### B. Defendant's Motion to Dismiss for Failure to State a Claim

#### 1. Standard of Review

Defendant's motion to dismiss is also based on Fed.R.Civ.P. 12(b)(6). A complaint may be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

█ When deciding a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff, all factual allegations are presumed to be true and all reasonable inferences are made in favor of the plaintiff. *Miree v. DeKalb County, Georgia*, 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.), *cert. denied*, 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed.2d 474 (1981). Legal conclusions, however, couched as factual allegations are not given a presumption of truthfulness. *See Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649–50 (9th Cir.1984).

█ Pro se complaints should be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir.1987). "A pro se liti-

gant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir.1995).

#### 2. Discussion

Plaintiff raises several claims in his complaint. First, he claims that because the sale of the Swan Road Property occurred outside the statute of limitations, the sale was invalid. Second, Plaintiff alleges that two IRS employees committed criminal fraud by changing the first penalty assessment date from June 28, 1982 to June 28, 1992. He alleges the date was changed in order to subvert the statute of limitations which expired in 1988. Due to this fraud, Plaintiff seeks an order directing the Department of Justice to prosecute these employees and to refrain from further harassing Plaintiff. Third, Plaintiff contends that the federal tax liens issued against him in this case were invalid because they were not properly certified. Lastly, Plaintiff argues that his filing of bankruptcy somehow invalidated the October 1992 notice of seizure, requiring the IRS to file a new notice of seizure before selling the Swan Road Property.

##### a. Statute of Limitations

As discussed above, because the levy on the Swan Road Property, to the extent the proceeds were used to satisfy the penalties assessed against Plaintiff on June 28, 1982, was outside the statute of limitations, Plaintiff is entitled to a refund of that portion of the proceeds of the sale of the Swan Road Property used to satisfy the June 1982 penalty assessment. It is unclear from the record what portion of the proceeds were applied to the June 1982 penalty. Therefore, Defendant shall sup-

ply the Court with detailed information on how the proceeds from the sale were applied to Plaintiff's penalty assessments so the Court may enter judgment in Plaintiff's favor accordingly.

As to the December 1982 assessments, the Court finds that the 1988 amendment to § 6502(a) applies and the levy of Plaintiff's property, to the extent the proceeds were used to satisfy the penalties assessed on December 28, 1982, was within the statute of limitations.

### b. Fraud

■ Plaintiff alleges that two IRS employees committed fraud by changing the first penalty assessment date from June 28, 1982 to June 28, 1992 in an attempt to subvert the statute of limitations. This claim is frivolous. The alleged fraud Plaintiff complains about appears on Form 668-B, "Levy," issued October 9, 1992. Although the form incorrectly states that the first assessment occurred on June 28, 1992, this was merely a typographical error. All other documents contain the correct date. In addition, Defendant has never stated that the first assessment occurred on a date other than June 28, 1982. Therefore, Plaintiff's claim for fraud based on this error fails to state a claim under Rule 12(b)(6).

In relation to this "alleged fraud," Plaintiff seeks in his Writ of Mandamus in the Form of a Complaint an order directing the Department of Justice to prosecute these two employees for their criminal acts and to prohibit Defendant from further harassing Plaintiff. Because the Court finds that the error committed by these employees was merely typographical and because Plaintiff has failed to allege any other harassment by the Defendant, Plaintiff's writ of mandamus is denied.

### c. Tax Liens

Plaintiff argues that the tax liens filed by Defendant were invalid because they were not certified as required by 26 U.S.C. § 6065 and A.R.S. § 33-1033. Section 6065 states that "any return, declaration, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall contain or be verified by a written declaration that it is made under the penalties of perjury." A.R.S. § 33-1033 provides:

Certification of notices of liens, certificates or other notices affecting federal liens by the secretary of the treasury of the United States or his delegate, or by any official or entity of the United States responsible for filing or certifying notice of any other lien, entitles them to be filed or recorded and no other attestation, certification or acknowledgment is necessary.

■ Plaintiff's claim that the federal tax liens filed against him are invalid because they are not certified is without merit. Section 6065 applies to verifying tax returns not tax liens. In addition, as A.R.S. 33-1033 states, no certification or acknowledgment is required before a federal tax lien can be filed.

### d. Notice of Seizure

■ Plaintiff also argues that his filing of bankruptcy somehow invalidated the notice of seizure filed by Defendant in 1992 and required Defendant to file a new notice of seizure before selling the Swan Road Property. According to 26 C.F.R. § 301.6331-1(a)(4), the government cannot levy on property subject to a bankruptcy proceeding. Here, Defendant levied on the Swan Road Property and filed its notice of seizure before Plaintiff or Swan Business Organization filed their bankruptcy petitions.[12] The Court has found

---

12. Defendant did not sell the Swan Road Property until after the bankruptcy proceedings had been dismissed.

no law to support Plaintiff's argument that his filing of bankruptcy somehow invalidated the notice of seizure served upon him before the bankruptcy proceedings were initiated. The Internal Revenue Laws only require that the notice of levy be given "no less than 30 days before the day of levy." 26 U.S.C. § 6331(d). Accordingly, Plaintiff's argument is without merit.

Based on the above discussion, Defendant's motion to dismiss for failure to state a claim is denied in part as to the June 1982 assessment and granted in part as to all other claims raised by Plaintiff in his complaint.[13] In addition, Plaintiff's Writ of Mandamus in the Form of a Complaint is denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment is construed as his response to Defendant's Motion to Dismiss.

**IT IS FURTHER ORDERED** that Plaintiff's Writ of Mandamus in the Form of a Complaint is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss for Lack of Subject Matter is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted is **DENIED IN PART** as to the June 1982 penalty assessment and the statute of limitations and **GRANTED IN PART** as to all other claims raised in Plaintiff's complaint.

**IT IS FURTHER ORDERED** that Plaintiff is entitled to a refund of that portion of the proceeds from the sale of the Swan Road Property used to satisfy the June 1982 penalties. Because it is unclear from the record what portion of the proceeds was applied to the June 1982 penalties, if any, Defendant shall supply the Court with this information by October 15, 2000 so the Court may enter judgment in Plaintiff's favor accordingly.

### *ORDER*

Pending before the Court are Plaintiff's Motion to Reconsider the Court's order dated September 27, 2000 and Defendant's Response to the Court's order, which also requests reconsideration.

### BACKGROUND

This case arises from Plaintiff's refusal to turn over copies of tax returns he prepared from 1978–1981. As a result of his refusal, the IRS, pursuant to 26 U.S.C. § 6659(d), assessed the maximum penalty, $25,000, against Plaintiff for each of the three years he refused to turn over information. The first penalty was assessed on June 28, 1982 and the second and third penalties were assessed on December 28, 1982. The IRS filed notices of federal tax liens with the Pima County Recorder against Plaintiff and Swan Business Organization as nominee of Plaintiff.[1]

In August 1983, the government filed an action in federal court seeking an injunction against Plaintiff to compel him to disclose the requested tax return information. In December 1983, after paying $250.00 towards the penalties, Plaintiff filed a separate suit in federal court seeking a refund of the $250.00 and an abatement of the remainder of the penalties. In the lawsuit initiated by Plaintiff, the government filed a counterclaim for $74,750, the balance of the assessment still owed by Plaintiff.

---

**13.** The Court finds that allowing Plaintiff to amend his complaint regarding the dismissed claims would be futile as an amendment would not cure the deficiencies.

**1.** Swan Business Organization is owned by Plaintiff and his wife. In 1983, Plaintiff and his wife conveyed property (Swan Road Property) to Swan Business Organization.

In the government's action for injunctive relief, the district court issued summary judgment in favor of the government. Summary judgment was also issued in favor of the government in Plaintiff's action for refund and abatement. Plaintiff appealed both decisions.

The cases were consolidated on appeal. The Ninth Circuit reversed and remanded both cases, finding that a material issue of fact existed with respect to whether Plaintiff acted wilfully in refusing to turn over the requested tax return information to the IRS. *See United States v. Nordbrock,* 828 F.2d 1401 (9th Cir.1987).

On remand, the cases were consolidated. (83–CV–553 TUC WDB). A bench trial was held. On January 17, 1990, the district court entered judgment in favor of the government and against Plaintiff. The court concluded that Plaintiff had acted wilfully in refusing to turn over the requested information to the IRS. The court enjoined Plaintiff from preparing tax returns for other taxpayers and sustained the $75,000 in penalties assessed against Plaintiff. Plaintiff appealed.

On appeal, the Ninth Circuit again reversed and remanded. The Court found that Plaintiff was entitled to a trial by jury. *See United States v. Nordbrock,* 941 F.2d 947 (9th Cir.1991).

On remand, a jury trial was conducted. The jury found that Plaintiff had not acted in good faith and wilfully had failed to comply with the law. Pursuant to 26 U.S.C. § 7407(b), the court issued a lifetime injunction against Plaintiff prohibiting him from preparing tax returns for other taxpayers. In addition, the court found that Plaintiff was not entitled to a refund or an abatement. At that time, however, the court did not enter judgment on the government's counterclaim for the unpaid balance of the penalties.[2] Plaintiff appealed.

On October 11, 1994, the Ninth Circuit affirmed the jury's verdict, the district court's issuance of the lifetime injunction, and the penalties assessed against Plaintiff. *See United States v. Nordbrock,* 38 F.3d 440 (9th Cir.1994).

During the pendency of these lawsuits, in October 1992, the IRS seized the Swan Road Property. A notice of seizure was sent to Swan Business Organization as Plaintiff's nominee. The IRS also began proceedings to sell the property. However, these proceedings were stayed due to Swan Business Organization and Plaintiff separately filing for bankruptcy. Swan Business Organization's and Plaintiff's bankruptcy petitions were dismissed on August 2, 1994 and December 4, 1995, respectively.

Once the bankruptcy actions were dismissed, the IRS proceeded to sell the Swan Road Property pursuant to a sealed bid sale. The property was sold on April 25, 1996 for $62,501.10. On September 7, 1999, Plaintiff filed the instant case. Plaintiff seeks a refund of $62,501.10, the amount realized from the sale of the Swan Road Property, reasonable attorneys' fees and costs and whatever further relief the Court deems justified. On December 15, 1999, Defendant filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

On September 27, 2000, the Court issued an order denying Defendant's motion to dismiss for lack of subject matter jurisdiction. The Court denied Defendant's motion to dismiss for failure to state a claim

---

**2.** On June 3, 1993, the district court issued an amended judgment, entering judgment in favor of the government and against Plaintiff on the government's counterclaim for the unpaid balance of the penalties. This amended judgment was entered nunc pro tunc as of October 28, 1992.

with respect to the June 28, 1982 assessment but granted the motion as to the December 28, 1982 assessments and all other claims raised in Plaintiff's complaint. The Court concluded that Plaintiff was entitled to a refund of that portion of the sale proceeds used to satisfy the June 1982 penalties. Because the record was unclear as to what portion of the sale proceeds was applied to the June 1982 penalties, if any, the Court ordered Defendant to supply the Court with this information so the Court could enter judgment in Plaintiff's favor accordingly.

Thereafter, Plaintiff filed a motion to reconsider and Defendant filed a response to the Court's order. In Defendant's response, it also requests reconsideration.

## PLAINTIFF'S MOTION
## TO RECONSIDER

In Plaintiff's motion to reconsider, Plaintiff states he wishes to clarify some of the footnotes in the Court's order. Plaintiff also contends that the Court erred in 1) concluding that the statute of limitations for collection of the December 28, 1982 assessments had not expired, 2) determining that the bankruptcies did not nullify the October 1992 seizure, 3) finding that the liens were valid and 4) accepting the government's "self-serving lie" that changing the date of an assessment was a typographical error. The Court will address each of Plaintiff's arguments.

### 1. Footnotes

Footnote 3 of the Court's September 27, 2000 order states that according to Plaintiff's exhibits, only the federal tax liens against Plaintiff were released by the IRS, not the liens against Swan Business Organization. Plaintiff now submits three ex-

hibits stating that the liens against Swan Business Organization were released on September 15, 1990. The exhibits submitted by Plaintiff in his motion to reconsider do not demonstrate that the liens against Swan Business Organization were released. In fact, they demonstrate the opposite. Exhibit A demonstrates that only the lien recorded on April 11, 1988 was released. The lien recorded on September 16, 1983 against Swan Business Organization was re-filed.[3] Exhibit B demonstrates that the release of the liens against Swan Business Organization was revoked and the liens were re-instated.

Plaintiff states that footnote 4 in the Court's order should be changed to reflect that Swan Business Organization is not owned by Plaintiff alone but instead is owned equally by Plaintiff and his wife. That Plaintiff's wife was an equal owner of Swan Business Organization was not clear in Plaintiff's original pleadings. The Court notes this factual clarification but because it was not relevant to the Court's decision, the September 27, 1999 order will not be amended.

Plaintiff also argues that footnote 5 is inconsistent with footnote 7. The Court disagrees. Although the government counterclaimed for the unpaid penalties in Plaintiff's December 1983 lawsuit, Footnote 7 correctly states that Defendant has not counterclaimed for the unpaid penalties in this case.

### 2. Statute of Limitations

In his motion to reconsider, Plaintiff argues that the Court incorrectly ruled that the statute of limitations for collection of the December 28, 1982 assessment had not expired. He states that the IRS relied on

**3.** The veracity of Exhibit A is questionable as Plaintiff failed to submit the actual release form. Exhibit A contains a computer-generated list of liens against Plaintiff and Swan

Business Organization. To the right of each lien, an individual wrote "released 9–15–90" or "refiled." The identification of the individual is unknown.

the district court's January 17, 1990 judgment against Plaintiff as the basis of its seizure of Plaintiff's property. However, Plaintiff contends this judgment was overturned by the Ninth Circuit.

Plaintiff relies on Exhibit D, attached to his motion to reconsider. This exhibit appears to be a summary and recommendation from William Keebler, an appeals officer, as to whether a seizure of Plaintiff's property was necessary. As to whether the statute of limitations had expired on the preparer penalties, Mr. Keebler's recommendation was "No." Within this recommendation, he states that the IRS must initiate a proceeding in court to collect the tax within 6 years after the assessment. He then states that a proceeding against Plaintiff was timely filed and a judgment was issued by the United States District Court for the District of Arizona on January 17, 1990.

Plaintiff is correct that the district court's January 17, 1990 decision was reversed by the Ninth Circuit. However, after a jury trial was held, the jury reached the same conclusion, finding that Plaintiff had acted wilfully in refusing to turn over the requested information to the IRS. Judgment was issued in favor of the government and against Plaintiff. The jury's verdict was affirmed by the Ninth Circuit. In addition, the reference to the January 17, 1990 judgment had no effect on Mr. Keebler's recommendation. The relevant factor was that a proceeding was initiated against Plaintiff to collect the tax within six years after the assessment. Accordingly, Plaintiff's arguments lack merit.

### 3. Bankruptcy Issue

Plaintiff argues that in order to have had a valid seizure of the Swan Road Property in this case, Defendant would have had to re-seize the property after termination of the bankruptcy proceedings initiated by Plaintiff and Swan Business Organization. As explained in the Court's September 27, 2000 order, Defendant levied on the Swan Road Property and filed its notice of seizure before Plaintiff or Swan Business Organization filed their bankruptcy petitions. Defendant did not sell the property until after the bankruptcy petitions had been dismissed.

The Court has found no law to support Plaintiff's argument that the filing of bankruptcy somehow invalidates a notice of seizure served before the bankruptcy proceedings were initiated. The case law cited by Plaintiff in his motion to reconsider does not support Plaintiff's position either. It merely states that a creditor who knowingly retains a bankruptcy debtor's property violates the automatic stay provisions of bankruptcy law. Here, Defendant did not have possession of the Swan Road Property at the time the bankruptcy petitions were filed. It merely had filed a notice of seizure. In fact, when Defendant became aware of the pending bankruptcy proceedings, all seizure activity stopped. The property was not sold until after the bankruptcy petitions were dismissed.

### 4. Invalid Liens

Plaintiff argues that the liens issued in this case were invalid because they did not contain a written declaration that they were made under the penalty of perjury as required under 26 U.S.C. § 6065. He states that the Court incorrectly applied this statute only to citizen filers. In addition, Plaintiff contends that Defendant improperly relies on Revenue Ruling 71–466 for the proposition that liens need not be certified. He states revenue rulings are not the law.

The congressional intent in enacting § 6065 was to permit a verified return to be substituted for a notarized return. *Cohen v. United States*, 201 F.2d 386, 393 (9th Cir.) (construing § 6065's predecessor provision), *cert. denied*, 345 U.S. 951, 73

S.Ct. 864, 97 L.Ed. 1374 (1953). Section 6065 applies to returns and other written declarations filed by taxpayers. The statute does not require that a lien or other notice issued by the IRS be verified by a written declaration that it is made under penalty of perjury. *See Thompson v. I.R.S.,* 23 F.Supp.2d 923, 925 (N.D.Ind. 1998); *Morelli v. Alexander,* 920 F.Supp. 556, 558 (S.D.N.Y.1996); *Davis v. Comm'r of Internal Revenue,* 115 T.C. 35, 42, 2000 WL 1048515 (2000).

### 5. *Typographical error*

Plaintiff argues that two IRS employees committed fraud by changing the first penalty assessment date from June 28, 1982 to June 28, 1992 on a levy form in an attempt to subvert the statute of limitations. The Court concluded that it was merely a typographical error. Plaintiff alleges that the error was not simply a typographical error. He states that the computer is programmed to recognize the statute of limitations and the alteration of dates was needed in order to record the notice of liens within the statute of limitations. Plaintiff further states that this fraudulent act led him to issue a lien draft to the IRS for $398,000. Plaintiff requests the Court to order a criminal prosecution of the IRS employees who changed the dates or at least order them to show cause why they should not be prosecuted for their criminal acts.

The Court affirms its conclusion that the change of dates was a typographical error. As stated in its September 27, 2000 order, all other documents contain the correct date and Defendant has never stated that the first assessment occurred on a date other than June 28, 1982.

### DEFENDANT'S RESPONSE TO THE COURT'S ORDER AND REQUEST FOR RECONSIDERATION

In its September 27, 2000 order, the Court determined that the levy on the Swan Road Property, to the extent the sale proceeds were used to satisfy the penalties assessed against Plaintiff on June 28, 1982, was outside the statute of limitations and therefore, Plaintiff was entitled to a refund of that portion of the sale proceeds applied to the June 1982 assessment. In making this determination, the Court concluded that 26 U.S.C. § 6502(a), as it existed prior to its amendment in 1988, applied. However, as to the December 28, 1982 penalty assessments, the Court concluded that the 1988 amendment to § 6502(a) applied and the levy on the Swan Road Property, to the extent the sale proceeds were used to satisfy the penalties assessed on December 28, 1982, was within the statute of limitations. Because it was unclear as to how the sale proceeds were applied to the June 28, 1982 assessment, the Court ordered Defendant to provide the Court with detailed information on how the proceeds from the sale of the Swan Road Property applied to Plaintiff's penalty assessments.

In response to the Court's order, Defendant states that the entire sale proceeds of the Swan Business Property were credited to the June 1982 assessment. However, Defendant contends that because Plaintiff had notice and demand for payment, Defendant should be permitted to exercise its statutory and common law rights of setoff.

Despite providing the Court with information regarding how the proceeds were applied to the June 28, 1982 assessment, Defendant requests that the Court reconsider its September 27, 2000 order. Defendant argues that Congress can, and did, extend the right to collect the liabilities at issue by levy. It contends that even though the statute of limitations as to the June 1982 assessment had expired, the 1988 amendment to 26 U.S.C. § 6502(a) revived the time-barred claim. The Court disagrees.

The pre–1988 version of 26 U.S.C. § 6502(a) provided that a tax could be collected by levy or a proceeding in court as long as the levy or proceeding in court was begun within six years after the assessment of the tax. This six-year period could not be extended or curtailed based upon a judgment against the taxpayer. In 1988, Congress amended § 6502(a) to provide that if a timely proceeding in court for collection of the tax was commenced, the six-year period to collect on the tax by levy was extended until the liability for the tax was satisfied or became unenforceable.

The statutory history of § 6502(a) provides that the 1988 amendment was to apply to all levies issued after the date of its enactment, November 10, 1988. Here, the levy on the Swan Road Property was issued in October, 1992. Therefore, technically, the 1988 amendment to § 6502(a) would apply. However, Congress did not specifically provide that the 1988 amendment would apply to levies issued after November 10, 1988, which were already time-barred under the earlier version of § 6502(a).

■■■ The Court agrees with Defendant that Congress has the authority to extend a statute of limitations, even if this extension results in revival of time-barred claims. "[T]he length and indeed the very existence of a statute of limitations upon a federal cause of action is entirely subject to congressional control.... [A] statute of limitations ... can be extended, without violating the Due Process Clause, after the cause of action arose and even after the statute itself as expired." *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228–29, 115 S.Ct. 1447, 131 L.Ed.2d 328 (1995) (citing *Chase Securities Corp. v. Donaldson*, 325 U.S. 304, 65 S.Ct. 1137, 89 L.Ed. 1628 (1945)). Congress has exercised this power in the area of student loans and courts have upheld the exercise of this power. *See e.g. United States v. Phillips*, 20 F.3d 1005 (9th Cir.1994). In addition, when Congress amended § 6502(a) in 1990, substituting a 10–year statute of limitations for the 6–year limitations period, Congress provided that the 1990 amendment would apply to taxes assessed after November 15, 1990, unless the period for collection of the tax had not expired. However, unlike the student loan cases and the 1990 amendment to § 6502(a), Congress did not expressly provide in the 1988 amendment or its legislative history that its intent was to apply the amendment retroactively and revive time-barred claims.[4] In fact, the amendment is not retroactive as it applies to levies issued after, not before, the date of its enactment.

Based on the above, the Court re-affirms its September 27, 2000 order.

## DEFENDANT'S RIGHTS OF SETOFF

Defendant informs the Court that the entire proceeds from the sale of the Swan Road Property were applied to the June 28, 1982 assessment. Accordingly, Plaintiff would be entitled to a refund of the entire sale proceeds. However, Defendant states that it should be permitted to exercise its statutory rights to setoff. Defendant shall provide a brief to the Court regarding this issue within 30 days of its receipt of this order. Plaintiff may respond to this brief within 20 days of his receipt of Defendant's brief.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Reconsider is **GRANTED** but relief is **DENIED**.

---

4. "[T]he traditional rule [is] that statutes do not apply retroactively *unless* Congress expressly states that they do." *Plaut*, 514 U.S. at 237, 115 S.Ct. 1447 (citing *Landgraf v. USI Film Products*, 511 U.S. 244, 277–80 (1994)).

**IT IS FURTHER ORDERED** that Defendant's Request for Reconsideration is **GRANTED** but relief is **DENIED,** except as to the issue regarding rights of setoff.

**IT IS FURTHER ORDERED** that Defendant shall provide the Court with a brief regarding the issue of setoff within 30 days of its receipt of this order. Plaintiff may respond to Defendant's brief within 20 days of his receipt of Defendant's brief.