RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 18a0240p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

No. 17-2321

ESTATE OF ALBERT CHICOREL; RICHARD BEHAR, as personal representative of the Estate of Albert Chicorel,

*Defendants-Appellants*.

───────────────

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 2:16-cv-10894—Robert H. Cleland, District Judge.

Argued: October 3, 2018

Decided and Filed: October 25, 2018

Before: GIBBONS, SUTTON, and McKEAGUE, Circuit Judges.

───────────────

## COUNSEL

───────────────

**ARGUED:** Steven G. Cohen, COHEN & ASSOCIATES PC, Farmington Hills, Michigan, for Appellants. Richard Caldarone, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:** Steven G. Cohen, COHEN & ASSOCIATES PC, Farmington Hills, Michigan, for Appellants. Richard Caldarone, Gilbert S. Rothenberg, Thomas J. Clark, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

───────────────

## OPINION

───────────────

McKEAGUE, Circuit Judge. The government seeks to collect taxes owed by decedent Albert Chicorel. The government initially attempted to do so by filing a proof of claim in

Chicorel's probate proceedings. That, however, yielded no results for over seven years, so the government commenced this action. Chicorel argues that the statute of limitations set in 26 U.S.C. § 6502(a) bars this action. Finding that the government satisfied the statute of limitations by filing the proof of claim in the probate proceedings, we **AFFIRM** the district court's grant of summary judgment in favor of the government.

## I.

On September 12, 2005, the government assessed Chicorel $140,903.52 in income tax for the 2002 tax year. Chicorel died in the fall of 2006 having not paid the assessed taxes. On April 27, 2007, Richard Behar—Chicorel's nephew—was appointed the estate's personal representative. On May 4, 2007, Behar published a notice to creditors of the four-month deadline for presenting claims, but he did not mail the notice to the government despite it being a known creditor of the estate. On January 29, 2009, the government filed a proof of claim in the probate proceeding concerning the tax assessment. Behar has not responded to the government's proof of claim, and the probate process is ongoing.

The government filed this collections proceeding on March 11, 2016. This proceeding seeks to reduce the same 2005 tax assessment, which is the subject of the proof of claim filed in the probate proceeding, to judgment. The government moved for summary judgment below. The district court held that the government's 2009 proof of claim filing tolled the statute of limitations and granted the government's motion.[1]

## II.

At the heart of this dispute is the statute of limitations in 26 U.S.C. § 6502(a), which provides that, after the government assesses a tax, "such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun—(1) within 10 years after the assessment of the tax." 26 U.S.C. § 6502(a).

---

[1]The district court also granted summary judgment on assessments made for other tax years, but Chicorel has not appealed the grant of summary judgment for those.

The government contends that it satisfied the statute by filing its proof of claim in Chicorel's probate proceeding. The government's case rests on two propositions: first, that the proof of claim is a proceeding in court for purposes of § 6502(a); and second, that any timely filed proceeding in court satisfies the statute of limitations, meaning that additional proceedings can be filed anytime thereafter.

Whether a proof of claim is a "proceeding in court" is a question of federal law that necessarily turns on the nature, function, and effect of the proof of claim under state law. *See United States v. Silverman*, 621 F.2d 961, 964 (9th Cir. 1980); *United States v. Saxe*, 261 F.2d 316, 319 (1st Cir. 1958). In other words, we look to how a state treats the filing of a proof of claim to determine whether it qualifies as a proceeding in court under § 6502(a). This inquiry takes into account factors such as whether the proof of claim serves merely to provide notice to the estate, if it works to toll state statutes of limitations, and if it will necessarily lead to a final disposition of the claim.

The nature, function, and effect of a proof of claim in Michigan has significant legal consequences for the creditor, the estate, and for Michigan law generally. For these reasons, it qualifies as a proceeding in court under § 6502(a). The Michigan probate code states that "[f]or purposes of a statute of limitations, the proper presentation of a claim . . . is equivalent to commencement of a proceeding on the claim." Mich. Comp. Laws § 700.3802(3). Not only does Michigan law permit a proof of claim to toll state statutes of limitations, it specifically equates presentation of the claim with a proceeding. Also relevant is that a properly presented proof of claim necessarily requires action on the part of the estate. The submission of a proof of claim requires the estate to provide notice that the claim is not allowed, otherwise the claim is deemed automatically allowed. *Id.* § 700.3806(2). By filing the proof of claim, the creditor puts the claim on the path towards final disposition.

We need not decide whether an untimely filed proof of claim could still be considered "a proceeding in court" because the government complied with the Michigan probate code by

timely filing its claim.**²** Behar was required to provide notice to the government to present its claims because it was a known creditor of the estate. *Id.* § 700.3801. He did not do so. This excused the government from having to file its proof of claim within the usual four-month window provided by the probate code. *Id.* § 700.3803(1)(c). Instead, the Michigan probate code permitted the government to file its proof of claim within three years of the anniversary of Chicorel's death. *Id.* The government met that requirement, thus its proof of claim was timely.

Having determined that the proof of claim qualifies as a proceeding in court, we turn to the second issue: whether the timely filed proof of claim satisfied the statute of limitations for this action. We hold that the statute of limitations in § 6502(a) is satisfied once the government commences any timely proceeding in court. We have previously noted that the government can collect on judgments arising out of timely proceedings even more than ten years after the assessment. *See United States v. Weintraub*, 613 F.2d 612, 620–21 (6th Cir. 1979) ("[T]here is no time limit whatsoever on an action against the taxpayer to enforce a timely levy or judgment obtained in a timely filed court proceeding."). Chicorel argues that the instant case is distinguishable because the government has not received a judgment in the probate proceeding. It is not the receipt of judgment, however, but the act of filing that satisfies the statute of limitations. This follows from § 6502(a)'s focus on collecting assessments. The statute does not permit the government to allow an assessment to lie dormant and then to attempt collection long after the assessment has passed from reasonable memory. Once the government has brought a proceeding on the assessment, however, the government is not forced to bring every conceivable collections proceeding within ten years. That would be a waste of both taxpayer and government resources. Of course, the limitations period must still be satisfied for each *assessment*. Where, for example, the government has made assessments for multiple years, it must bring a timely proceeding for each year—*i.e.*, for each assessment—to satisfy their respective limitations periods. But there is no requirement that each *proceeding* related to the same assessment be brought within ten years, so long as at least one was filed within the ten-year period.

---

**²**We note that an untimely filed proof of claim would likely still be a proceeding in court as state statutes of limitation do not run against the government. *See United States v. Summerlin*, 310 U.S. 414, 416 (1940). So the government could have filed its claim even were it not timely under Michigan law.

This reading of the statue harmonizes the flush language[3] in § 6502 with the statute of limitations and interprets each provision in light of the other.  The flush language provides that, by filing a timely collections proceeding, the government may collect by levy until the tax liability "is satisfied or becomes unenforceable."  26 U.S.C. § 6502.  In other words, so long as the liability remains unsettled, a single timely proceeding extends the ability of the government to collect the assessment by levy beyond the ten-year limitations period in § 6502(a). Harmonization of the flush language and the statute of limitations means that where the government has already chosen to proceed via a proceeding in court, it is not later forced to resort to levy as the only method to collect.

One might be tempted to reach the opposite conclusion by reading the flush language's explicit tolling of levies after ten years to bar subsequent judicial proceedings.  In permitting one method of collection (levies), the Code might implicitly prohibit the other method (judicial proceedings).  But it seems to us that this approach overlooks an important background principle. Until Congress added the flush language in 1988, the government could use judicial proceedings but not levies to collect a judgment after the limitations period.  In fact, the pre-1988 version of § 6502 stated that the "period provided by levy *shall not be extended or curtailed* by reason of a judgment against the taxpayer."  *Silverman*, 621 F.2d at 963 n.1 (emphasis added) (quoting the then-current version of § 6502); *see also Nordbrock v. United States*, 173 F. Supp. 2d 959, 966 (D. Ariz. 2000) (holding that, under the pre-1988 version of § 6502, the government needed to issue all levies within the statute of limitations period).  This statutory history explains why the drafters did not include an explicit tolling provision for subsequent judicial proceedings.  None was necessary.

Read in this light, the flush language creates parity between the levy process and judicial proceedings:  Whenever the government can proceed by one method, it can also proceed by the other.  And, as a result, the text of the flush language reveals what actions toll the statute of limitations in § 6502(a): the commencement of any "timely proceeding in court," not just the receipt of a judgment.

---

[3]"Flush language" is text in a statute that does not have paragraph or subparagraph numbering, so the text appears flush to the margin of the page.

This interpretation and harmonization also makes sense. A levy is one of the most powerful and coercive methods of tax collection open to the government. The government levies "without first going to court." Internal Revenue Manual ("IRM") 5.17.3.2(2). To levy, IRS officers seize property—with armed escort if necessary—and sell it to satisfy the tax obligation. *See id.* 5.10.3.4.3; 26 U.S.C. § 6331(b). The Internal Revenue Manual instructs officers to consider bringing, among other things, bolt cutters, hammers, and chains, when conducting a levy. *See* IRM 5.10.3.4.1. Should the taxpayer or a third-party refuse to surrender property and the officer is unable to otherwise seize it, that person is automatically liable for a sum equal in value to the not-surrendered property. 26 U.S.C. § 6332(d)(1).

If a timely proceeding in court did not satisfy the statute of limitations for later proceedings, the government could be faced with a bizarre scenario in which it could collect a tax using the highly coercive process of levy but unable to collect by simply filing a proceeding in court. Interpreting § 6502(a) such that any timely proceeding in court satisfies the statute of limitations avoids this result. Where the government has initially chosen to collect a tax by a proceeding in court, it is not barred from attempting to do so again, even more than ten years after the assessment.

The government here filed its proof of claim in 2009, well within the ten-year limitations period for the 2005 assessment. As we held above, the proof of claim qualifies as a proceeding in court under § 6502(a). Because it was filed within the ten-year limitations period, we find that the proof of claim satisfied the statute of limitations and thus that the statute of limitations does not bar the government's collection effort here.

III.

For the foregoing reasons, we **AFFIRM** the district court's decision to grant summary judgment in favor of the government.